Bosworth, J.
The plaintiff recovered judgment in this action, on the 18th of February, 1840, for $293.53.
On an affidavit of his subsequent death, and that no part of the judgment has been paid, his executors, on notice to the defendant, moved for an order that execution issue on the judgment. Can leave to issue execution, in such a case, be granted on motion ? I think not, but that the executors must bring an action, praying the same relief as ■ was formerly granted in a proceeding by sci/re facias.
Prior to the Code, if an execution was not issued within two years after judgment rendered, a plaintiff was obliged to resort to a scire facias to obtain execution, although the plaintiff add defendant were both living (2 R. S. 576, § 1).
This necessity is obviated by §§ 283 and 284 of the Code. Those sections, I understand to be applicable to those judgments only, to which the parties are all living. In all such cases, an execution will be allowed to be issued on motion.
*655 Prior to the Code, if a plaintiff or defendant in a judgment died, before execution issued, none could issue until it was revived by sci/re facias, in favor of, or against the representatives of the decedent. An execution cannot be issued in favor of or against a dead man. It cannot issue in favor of the representatives of a deceased plaintiff, until there is a judgment to authorize and support it.
Their title to the judgment, and to enforce it, is to be established, not by motion, but in an action, under chap. 2, title 13, of the Code, § 428.
If §§ 283 and 284 are restricted to the parties to the record, there is not much opportunity for abuse, even though leave be sometimes granted on publishing a notice. The right of the party moving to be paid the amount of the recovery, and the liability of the defendant to pay it, are established by record evidence. The only debatable question that can arise is, whether it has been paid in whole or in part ?
After the death of a plaintiff in a judgment, it is an open question,—who owns it? who has succeeded to his rights? The question of title, as well as other questions that may arise in such a case, are not to be determined in a proceeding by scire facias, but by an action, seeking the same relief that was formerly obtained by scire facias.
An assignee of a judgment, if the plaintiff was dead, could bring a scire facias in his own name (Murphy v. Cochran, 1 Hill, 339). He can undoubtedly now maintain an action to obtain judgment, that he have execution of the original judgment (Vide Cameron v. McKay, 6 How. P. 372.)
The motion is denied, but without costs.