## SUPREME COURT.

JOHN S. WHEELER and another, Administrators with the Will annexed of PHILANDER WHEELER, agt. ORVILLE DAKIN.

Where a plaintiff dies after judgment, there is no party left who can make a motion for leave to issue *execution* on the judgment; and the only remedy is an *action* by his legal representatives, to obtain the relief formerly reached by the writ of *scire facias quare executionem non.*

Such a proceeding is not an action *on the judgment;* it may therefore be brought without leave of the court. "An action on a judgment" (*Code*, § 71) is an action to recover of the defendant the amount due on the judgment, as any other money demand would be recovered, using the judgment only as evidence of the amount of the debt—such as actions of *debt* on judgment under our former system.

Section 161 of the Code was expressly intended to alter the former rule, (and it is abrogated in terms,) that in pleading a judgment or determination of a court of inferior and limited jurisdiction, the facts conferring the jurisdiction must be specially pleaded.

Now, in pleading any determination of a court of limited jurisdiction, it is not necessary to state the facts conferring jurisdiction, but such judgment or determination may simply be alleged to have been duly given or made. If that be denied, jurisdiction, and all jurisdictional facts, must be proved.

*Dutchess Special Term,* 1856.

THE pleadings in this action are as follows:—

"The plaintiffs complain of the defendant, and allege, that heretofore, to wit, on the 3d day of December, 1855, the above named Philander Wheeler recovered a judgment in the supreme court of the state of New-York against the said defendant, in an action upon contract, for the sum of eleven hundred and thirty-four dollars and eighteen cents, damages and costs, which said judgment was duly docketed in the office of the clerk of the county of Dutchess, in said state, on the 3d day of December, 1855, in which action said Philander was plaintiff, and said Orville was defendant, which judgment still remains undischarged and unpaid, and not reversed or set aside, and is now in full force and effect, and upon which judgment execution hath not been issued; that after the rendition of said

judgment, and on or about the 15th day of December, in the year 1855, the said Philander died, leaving a last will and testament, and codicil; that said Philander was, up to the period of his death, a resident of the town of Salisbury, in the state of Connecticut; that after the death of the said Philander Wheeler, said last will and testament, with codicil, was duly proven in the court of probate for the district of Salisbury, in said state of Connecticut, a court duly organized, having authority to take proof of wills and admit the same to probate, and appoint such administrators as next described, under and by virtue of the laws of the state of Connecticut; and said plaintiffs were, by said probate court, duly appointed administrators, with the will annexed, of the goods, chattels and credits which were in said state of Connecticut, of the said Philander, deceased; that thereupon said plaintiffs accepted said appointment, were duly qualified and entered upon the discharge of the duties of such administrators; that afterwards, and on the 29th day of February last, said plaintiffs were duly appointed by the surrogate of the county of Dutchess, in the state of New-York, administrators, with the will and codicil annexed, of all the goods, chattels and credits, which were of the said deceased in said state of New-York, and thereupon were duly qualified, and entered upon the discharge of the duties of said office; that said defendant resided in said county of Dutchess at the period of the death of the said Philander, and immediately previous thereto he had assets which then were, or before the appointment of said plaintiffs as such administrators by said surrogate of the county of Dutchess, came within said county of Dutchess.

"Wherefore plaintiffs ask the judgment of this court in their favor, that execution may issue upon said judgment against said defendant in the name of the plaintiffs, to be levied of any lands which the defendant held when the said judgment was docketed, or for such further or other order, judgment or relief as may be meet and proper, with costs of suit."

The complaint was duly verified.

"The defendant demurs to the plaintiffs' complaint in this

action, and sets forth and specifies the following causes of de-murrer, and the grounds of objection to the said complaint:—

" 1. That the plaintiffs have not legal capacity to sue.

" 2. That the complaint does not state facts sufficient to con-stitute a cause of action.

" 3. That the facts showing jurisdiction in the surrogate of Dutchess to appoint administrators of the estate of Philander Wheeler, deceased, are not alleged.

" 4. That it is not alleged that said Philander Wheeler died in the county of Dutchess, or out of the state of New-York; or that he died out of the state of New-York leaving assets in the county of Dutchess, and in no other county.

" 5. That it is not alleged that the deceased left assets in the county of Dutchess at or immediately previous to his death.

" 6. That it is not alleged that the said action is brought by leave of the court, or for good cause shown on notice to the adverse party.

" 7. That assuming all the facts stated in the complaint to be true, the plaintiffs are not entitled to the relief sought by their complaint.

" Wherefore the defendant asks judgment in his favor upon said demurrer, and that the plaintiffs' complaint be dismissed with costs."

D. S. COWLES, *for plaintiffs.*
HENRY HOGEBOOM, *for defendant.*

EMOTT, Justice. In *Jay* agt. *Martine*, (2 *Duer*, 654,) it was held by BOSWORTH, J., in the superior court, that an execution could not be ordered on a judgment on the application, by mo-tion, of the representatives of a deceased plaintiff; and that §§ 283 and 284 of the Code are only applicable to judgments where all the parties to which are living. This decision was followed and approved by MITCHELL, J., at special term, in a case reported in 1 *Abbott*, 126. And in *Cameron* agt. *Young*, (6 *How. Pr. R.* 372,) it was held that the method of proceed-ing by writ of *scire facias* was abolished, and an action in the

·form given by the Code substituted. These cases, and the reasoning of the judges who delivered the opinions, are, I think, a correct exposition of the present state of law and practice on this point; and they dispose of the principal objection to this action raised by the demurrer, and urged on the argument. Such an action as this is not only a proper, but it is the only proper method of obtaining the relief which the plaintiffs ask. The case of the *Catskill Bank* agt. *Sanford*, (4 *Pr. R.* 100,) is in no degree in conflict with these views, or with the cases cited. That case decides in conformity with *Cameron* agt. *Young*, (6 *Pr. R.* 372,) that the proceedings by writ of *scire facias* are abolished as well as rendered unnecessary in such a case as the one then before the court, and other remedies given by the Code. In that case no change of parties, by death or otherwise, had occurred, and therefore the court were able to direct the issuing of execution upon an application by motion. The only possible doubt was, whether the repeal of the proceedings by *scire facias*, and the elections authorizing relief in such cases on motion, applied to judgments recovered before the Code took effect. The court held that they did so apply; but this decision is entirely consistent with the opinion, that where a plaintiff dies after judgment, there is no party left who can make the motion for leave to issue execution, and the only remedy is an action to obtain the relief formerly reached by the writ of *scire facias quare executionem non*. Nor is there any force in the suggestion, that this proceeding is an action on a judgment, and therefore cannot be brought without leave of the court. (*Code*, § 71.)

Without deciding whether this can be regarded as an action "between the same parties," or whether the administrators of a deceased plaintiff come within the principle of the decision in *Tuffts* agt. *Bransted*, (1 *Abb.* 83,) where the general term of the superior court held, for reasons which I think are entirely convincing, that an assignee of a judgment is not within the prohibition of this section, I think the actions referred to by the words "an action on a judgment," in § 71, are actions to recover of the defendant the amount due on the judgment, as

Wheeler, &c., agt. Dakin.

any other money demand would be recovered, using the judg-
ment only as evidence of the amount of the debt—such actions
as would have been actions of debt on judgment under our for-
mer system.

The action to revive and have execution in behalf of a de-
ceased plaintiff, which is the substitute for a *scire facias*, is not
within the mischief which this clause was intended to remedy,
and therefore its provisions should not be extended to cut off
such proceedings.

The evil at which this legislation was aimed, was the re-
duplication of costs and vexation of defendants, by bringing
suits on judgments, instead of issuing executions, and following
each new judgment by a new suit.   Thus the defendant was
subjected to an oppressive burden of costs, created in reiterated
proceedings, which resulted in nothing but these increased
costs, without increasing the remedies, or altering the position
of the plaintiff in the original judgment.   These suits were or
might be continued *ad infinitum*, and with no other result.
But the present suit will place in the hands of the plaintiffs a
means of collecting their judgment, which, without the use of
this or some equivalent method, they cannot obtain.   And at
the same time it is the only similar suit which can be brought
on this judgment on the present state of facts, and cannot be
the commencement of a series of vexatious actions.   Besides,
if the view I have taken of the scope and effect of the saving
clause in the sections repealing the *scire facias* act be correct,
such an action as the present is impliedly, if not expressly,
given or retained by the Code.

Upon the remaining question presented by the demurrer I
am equally clear against the defendant.   Let it be conceded
that the act of the surrogate in appointing administrators, with
the will annexed, is analogous to a judgment or decree upon
the merits of a matter in controversy in the surrogate's court;
and that, by the former rules of pleading, all the facts showing
jurisdiction in the surrogate to make the appointment must be
pleaded, in order to show the right of the plaintiff to sue, as
they must have been if a decree of the surrogate was the cause

of action, and that these facts are not sufficiently averred in the present complaint. These points may all be conceded on the present argument; for in the view which I have taken of the case, it is unnecessary to decide them, although my inclination is against the defendant on all these points.

But, giving the defendant the advantage of all these considerations, the case is then brought directly within § 161 of the Code. The former rule was, that in pleading a judgment or determination of a court of inferior and limited jurisdiction, it was not enough to aver that the court had or had not acquired jurisdiction of the persons and the subject, but the facts conferring the jurisdiction must be specially pleaded—such as the service of process, the nature of the demand litigated, &c. (3 Barb. 603.) The 161st section of the Code was expressly intended to alter this rule, and it is abrogated in terms, and a mode of averring any judgment or proceeding of an inferior tribunal authorized, which, as I understand this complaint, the pleader here has adopted. In pleading any determination of a court of limited jurisdiction, it is no longer necessary to state the facts conferring jurisdiction, but such judgment or determination may simply be alleged to have been duly given or made. If that be denied, jurisdiction, and all jurisdictional facts must be proved.

In the present case, the right of the plaintiffs, or their legal capacity to sue, depends upon their appointment by the surrogate of Dutchess county. Their appointment in the state of Connecticut does not qualify them to sue in the courts of this state. And in pleading their appointment in this state, it is sufficient to aver, as has been done in this complaint, by what court or officer it was made, and that it was duly made. I think this satisfies all rules of pleading in such cases. (See Beach agt. King, 17 Wend. 197.)

There must be judgment for the plaintiffs, with leave to the defendant to answer in twenty days, on payment of costs.