# EZRA L. VARNEY

*vs.*

# SETH B. BARTLETT.

APPEAL IN EQUITY FROM DANE CIRCUIT COURT.

The party really in interest in the subject of a suit in chancery must be made complainant.

In equity, a suit cannot be brought in the name of another, for the use of the party really interested.

Where the assignee of a chose in action resorts to a court of equity, to enforce his rights therein, the suit must be brought and prosecuted in his own name, and not as in cases at law, in the name of the assignor, for his use.

THIS was a motion made by the complainant, to reverse the decree rendered in his favor in the court below, and from which the defendant had appealed. It is sufficient to say, in the statement of the case, that the interest of the plaintiff in the subject matter of the suit, had, as was supposed, been transferred or assigned, and the assignee had prosecuted the matter in the name of the assignor, for his use, in the same manner as in cases at law. A decretal order having been rendered, favorable to the complainant (or the *cestui que use*), the defendant appealed; whereupon the nominal plaintiff, viz: the assignor of the choses in action, which were the subject matter of the suit, and in whose name the suit had been brought (as before remarked), appeared in this court, and made the following motion, founded upon the affidavit, which is also here presented:

[*Title, &c.*] "And now, at this time, comes the said Ezra L. Varney, by Ainsworth, Johnson and Lewis, his solicitors, and only solicitors and counsel in this cause, and moves the court to reverse the decree of the court below, made and entered in this cause, and to dismiss the bill filed by the complainant in this cause, according to the stipualtion. and papers on file in this cause."

The affidavit on which the motion was in part founded, was as follows :

[*Title, Venue, &c.*] " Ezra L. Varney, of the county of Dane, and state of Wisconsin, being first duly sworn, says, that he is the complainant in the above entitled suit ; that at the time he made answers to the interrogatories on file in this cause, at the office of H. E. Frink, one of the solicitors and counsel for the defendant, and which said answers to said interrogatories are on file in this cause, he was perfectly aware of what he was doing, and cognizant of his rights, so far as the subject matter of the suit is concerned ; that said suit was commenced without his knowledge or consent, and has been thus far prosecuted without his approbation ; and that he never retained or employed Vilas, Roys and Pinney, or Smith and Keys, or any or either of them, to appear in said suit, and that the only solicitors and counsel he has ever employed, or authorized to appear for him in said suit, are Messrs. Ainsworth, Johnson and Lewis, of the city of Madison, in the county of Dane, aforesaid, whom he has recently retained, as his sole and only solicitors and counsel in said cause.

" And this affiant further says, that he has no interest whatever in the result of the said suit ; that the said suit was commenced, as this affiant believes, by James Richardson of the firm of James Richardson & Co., of the city of Madison aforesaid, for the furtherance of the interests of the said Richardson, or of the said Richardson & Co., and further saith not."

There was also filed the following stipulation :

[*Title, &c.*] " It is hereby stipulated and agreed, by and between Messrs. Ainsworth, Johnson & Lewis, the sole and only solicitors and counsel for the said complainant, Ezra L. Varney, and H. E. Frink, Esq., one of the solicitors and of counsel for the said defendant, Seth B. Bartlett, that an order or decree be made and entered in this cause by this court, reversing and annulling the final decree made and entered in said cause in the court below on the     day of       A. D. 1856, from which an appeal was taken to this court on the     day of January

1857, by the said defendant, and that the bill of complaint filed herein be dismissed without costs to either party.

(Signed)   "AINSWORTH, JOHNSON & LEWIS,
*Solrs. and Counsel for complainant.*
N. E. FRINK, *Sol. and Counsel for defendant.*"

*Per Curiam.*   The rule in equity is, that the real party in interest must be complainant in the suit.   Though the assignee of a chose in action not assignable at common law, must bring an action at law in the name of the assignor for his use, yet in chancery proceedings the practice is different.   The party really in interest must proceed in his own name.   Indeed, as a general rule, a party complainant will not be permitted to prosecute his suit after he has parted with his interest in the subject matter thereof.   The principal object of a court of equity is to ascertain and to adjudicate upon the real equitable interests and rights of the parties in the object of the suit.   Let the following order be entered :

[*Title, &c.*]   " On reading and filing the affidavit of the complainant showing that he has no interest in this suit, and that the same is prosecuted without his approbation, and the power of attorney also on file, constituting Messrs. Ainsworth, Johnson & Lewis, his sole and only solicitors and counsel for him in this cause ; and also the stipulation on file herein, that the final decree of the court below be reversed and annulled, and the bill dismissed without costs to either party, therefore on motion of Messrs. Ainsworth, Johnson & Lewis, solicitors, &c., for complainant, and H. E. Frink, solicitor, &c., for the defendant, made in open court, ordered that the said final decree of the court below made and entered in this cause be, and the same is hereby reversed, annulled, and held for nought, and that the complainant's bill of complaint be, and the same is hereby dismissed without costs to either party."