## FREDERICK J. BETTS v. ANDREW S. GARR.

The court should not grant leave (under section 284 of the Code) to issue execution on a judgment after the lapse of five years from its rendition, where it appears that the judgment-debtor holds a judgment against the party making the application greater in amount than that on which the application is based. (BRAD§.J., *dissenting.*)

In such a case, the party applying for leave should be left to an action upon his judgment, in which action the debtor may avail himself of his equitable set-off.

APPEAL by plaintiff from an order of the special term denying a motion for leave to issue execution. The facts disclosed by the affidavit on which the motion was based were as follows:—
In 1842, the plaintiff recovered judgment in this court against the defendant for $77.58. In 1854, he assigned the judgment to John M. Martin, who now applied, in the name of the plaintiff, for leave to issue execution. On the day when the judgment was originally docketed, execution was issued, which was returned unsatisfied. No execution had been issued since that time. The affidavit also stated, that no part of the money had ever been paid to deponent (Martin), and that he was informed, and believed, none had ever been paid to the plaintiff.

In opposition to the motion, defendant showed that, prior to the assignment of the judgment in question to Martin, one Kanouse had recovered a judgment against Martin; that this judgment was exclusively for costs in an action wherein the defendant was attorney for Kanouse, and belonged to defendant as such attorney; and had, moreover, been assigned to him by Kanouse; and that no part of the judgment had been paid.

The motion was denied at special term, and plaintiff appealed.

*John M. Martin*, for the appellant.

The respondent in person.

DALY, J.—This motion was denied upon the ground that the court should not allow an execution to issue, where it appeared that the defendant had a judgment against the assignee by whom the motion was made, greater in amount than the judgment in this court; but that, if Martin wanted to enforce this judgment, he should be put to his action upon it, in which action Garr might avail himself of his equitable set-off; and I still adhere to the opinion that that is the proper disposition to make of such a case. It is unnecessary that Martin should be allowed to issue execution and levy upon the property of Garr, or that Garr should issue execution upon the judgment assigned to him, and levy upon the property of Martin, when, by putting Martin to his action upon the judgment, the rights of the parties could be equitably adjusted.

INGRAHAM, F. J., concurred.

BRADY, J. (dissenting).—Section 284 of the Code provides that, after the lapse of five years, an execution can be issued only by leave of the court, upon motion, with personal notice to the adverse party, unless he be absent, &c.; and on its being established by the oath of the party, or other satisfactory proof, that the judgment, or some part thereof, remains unsatisfied and due. On the application for leave to issue execution, all the requisites of the statute were complied with, although it appeared that John M. Martin had become the assignee of the judgment, and that the application was for his benefit. Upon that circumstance the defendant insists that the motion could not be entertained, the remedy of an assignee being only by action under section

428.  This view of the statute cannot prevail.  The assignee of a judgment, under the system prior to the Code, could, at any time during the period for that purpose, issue an execution in the name of the judgment-creditor, and there is nothing in the Code which indicates any intention of the legislature to change that rule.  The right of any person owning the judgment to issue an execution during the five years prescribed by the statute cannot be doubted, and that right is affected by the Code only so far as to make it obligatory upon the party in interest to apply for leave to issue execution after the five years have expired.  There is certainly nothing expressly affecting that right; and the desire exhibited by the courts to prevent multiplicity of actions will prevent a mere implication from operating against it.  The application here was not for leave to issue an execution in the name of Martin, but for leave to issue it in the action in the same manner as if the judgment-creditor were in fact the applicant.  There can be no change of parties, and the assignee succeeds to all the rights of the assignor.  The fact that the defendant held judgments against the assignee was no reason why leave should not be granted.  On a motion for such leave, all other requisites appearing, the only question the court may inquire into is, whether the judgment is paid in whole or in part.  The set-offs of the judgment-debtor, or counter-claims, whether by way of judgment or otherwise, cannot be applied.  The remedy of the defendant may be an application to have the judgments set off, and to that remedy the court must leave him.  For these reasons the order made at special term should be reversed.  The case of *Jay* v. *Martine* (2 Duer, 654), cited by the respondent, presents a very different question to that under consideration, and seems to have been properly decided; and the case of *Martin* v. *Kanouse* (2 Abb. 390), also cited by the respondent, has no application to the case in hand.

The appeal in this case is taken, not by the attorney only, but by the assignee, who is the representative of the assignor, and the party in interest owning the judgment by transfer duly executed.  In the case referred to the attorney appealed, and his

right to appeal was based upon his professional relation, and a claim existing in his favor growing out of such relation. He was not the assignee, but entitled by operation of law to the costs, which the judgment secured. Whether the principle suggested in that case be correct or not, it is not in point here, and cannot control the opinion of the court.

The assignee alleges, on information and belief, that no part of the money recovered by the judgment, or the interest due thereon, has ever been paid to the plaintiff, or any one else for him. That no payment has been made to the assignee, and that the whole of the same is now due and unpaid. This is a sufficient compliance with section 284, and establishes sufficiently, for the purpose of putting the defendant to his allegation to the contrary, that neither the judgment, nor any part thereof, has in fact been paid. If the execution were to issue, on an *ex parte* application, a different rule might prevail, and proof, not on information and belief, but positive in its character, required before leave to issue such execution was granted. This, however, is a motion by an assignee of the judgment, and upon personal notice to the judgment-debtor, who can, by averring payment, dispose of it without difficulty, and with costs to indemnify him, for his expenses in resisting the motion.

For these reasons I think there was sufficient in the moving papers upon which the motion could be entertained, without reference to the fact that the defendant does not allege payment of the judgment.

Order appealed from affirmed.