### OTTO v. REGINA MUSIC–BOX CO.

(Circuit Court, D. New Jersey. May 5, 1898.)

1. ADMINISTRATORS—APPOINTMENT—JURISDICTION—PLEADING.

One claiming title to a patent by assignment from an administrator of the former owner, appointed by the surrogate's court of the city and county of New York, which is a court of limited and inferior jurisdiction, must allege the facts upon which its jurisdiction to make the appointment was founded; and if the bill does not show whether the deceased died intestate, whether, at the time of his death, he was a resident of the city and county of New York, or whether he had any property there to be administered on, it is subject to demurrer.

2. SAME.

The mere averment that one was duly "appointed" administrator is not sufficient to show his authority as such, for his power arises only from the issuance of letters of administration to him.

This was a suit in equity by Gustav Otto against the Regina Music-Box Company. The cause was heard on demurrer to the bill.

Antonio Knauth, for complainant.

W. Laird Goldsborough, for defendant.

KIRKPATRICK, District Judge. The complainant in this cause has filed his bill of complaint, in which, among other things, he claims title to certain letters patent of the United States numbered 401,187 and 401,188. He sets out that these patents were issued on the 9th of April, 1889, to one Terrence A. McCauley, otherwise known as Thomas A. McCauley, and then avers as follows:

"And your orator further shows that the said Terrence A. McCauley, otherwise known as Thomas A. McCauley, died on the 17th day of April, 1894, and that Daniel McCauley, of Springfield, Massachusetts, was on the 23d day of May, 1894, duly appointed by the surrogate of the city and county of New York administrator of the goods, chattels, and credits of said Terrence A. McCauley, otherwise known as Thomas A. McCauley."

The bill then alleges that the said Daniel McCauley, on the 5th day of October, 1894, as such administrator, duly assigned, transferred, and set over the entire right, title, and interest in said letters patent to William H. Hoschke, through whom the complainant claims to be the owner. To this bill the defendant has filed a general demurrer, and, as one of the causes of demurrer, shows that the bill of complaint fails to set out a good and sufficient title to the said letters patent. In examining the complainant's chain of title as set out in the bill of complaint, it will be observed that the only allegations concerning the authority of Daniel McCauley to make a transfer and assignment of Terrence A. McCauley's interest or ownership of the patents in suit

are that Terrence A. McCauley, otherwise known as Thomas A. McCauley, is dead, and that Daniel McCauley was duly appointed his administrator by the surrogate of the city and county of New York. The surrogate's court is one of inferior and limited jurisdiction (Bloom v. Burdick, 1 Hill, 139); and therefore the facts upon which the jurisdiction of the court is founded should be set out in the pleadings (Dakin v. Hudson, 6 Cow. 224). Upon such questions of fact the bill is silent. Whether Terrence A. McCauley, otherwise known as Thomas A. McCauley, died intestate, whether at the time of his death he was a resident of the city and county of New York, or whether he had in the city and county of New York any property to be administered upon, the bill omits to state. If these jurisdictional facts had been alleged, it would have been necessary to have shown, further, that the court had proceeded to final decree before the proceedings would have been presumed to be regular. Reeves v. Townsend, 22 N. J. Law, 396.

The mere designation or appointment of one to act as administrator is but an interlocutory order, and confers no powers upon the appointee. It is but a preliminary step to the final act of granting the letters of administration, which issue to the person appointed when he shall have given bond for the faithful performance of his duties or otherwise comply with the requirements of the court. So, it was held in Beach v. King, 17 Wend. 197, "that one cannot be an administrator unless letters of administration of the goods, chattels, and credits of the intestate have been granted to him"; and that "the proper mode of pleading the fact is by direct allegation that such letters were granted." The court held that the allegation that the party was "duly appointed administrator consists partly of matter of fact and partly of matter of law, and was not capable of trial." The case of Beach v. King, supra, differs from that of Wheeler v. Dakin, 12 How. Prac. 537, cited on plaintiff's brief, in that the latter was rendered under the Civil Code of Procedure in New York, which has no applicability in the state of New Jersey. From what has been said, it follows that the complainant has failed to show, by proper averments, that Daniel McCauley had any authority to make transfer of the interest of Terrence A. McCauley or Thomas A. McCauley, to whom the letters patent were issued; and that in consequence the title thereto, so far as the allegations in the bill show, still remains in the heirs or legal representatives of Terrence A. McCauley or Thomas A. McCauley, and not in the complainant. Inasmuch as there is but one demurrer, which cannot be allowed in one part and overruled as to another part in the same proceeding (Wellesly v. Wellesly, 4 Mylne & C. 554), judgment must be for the defendant.