EDWARD M. GRIGG et al., Respondents, *v.* WILLIAM C. REED,
Appellant.

(County Court, Niagara County, February, 1899.)

**Justices' Courts — Complaint on judgment must state jurisdictional
facts.**

A complaint, in an action brought in a justice's court upon a judg-
ment, which merely states " that judgment was duly rendered " etc.,
without stating the facts which conferred jurisdiction, fails to state
a cause of action.

Section 532 of the Code of Civil Procedure, declaring that, in plead-
ing a judgment, " it is not necessary to state the facts conferring
jurisdiction " does not apply to justices' courts.

APPEAL taken from a judgment of Sheridan L. Buck, justice
of the peace of the city of Lockport, rendered August 23, 1898.

Richardson & Judson, for appellant.

W. Luther Reeves, for respondents.

HICKEY, J.  This is an appeal from a justice's judgment in
plaintiffs' favor.  Respondents brought action in the court below
upon two Justice Court judgments, which they had theretofore
recovered against the defendant.  The complaint below was veri-
fied, and, instead of setting up the facts conferring jurisdiction
according to the common-law rule, simply alleged " that judgment
was duly rendered," etc.  Defendant did not appear, and plaintiffs
took judgment by default upon their verified complaint.  The
appeal is taken upon the ground, among other things, that the com-
plaint failed to state a cause of action.  Much against my will,
I am forced to adopt this view.

Respondents relied largely on section 532 of the Code to support
their contention that the complaint was sufficient.  This section
provides that, " In pleading a judgment, or other determination, of
a court or officer of special jurisdiction, it is not necessary to state
the facts conferring jurisdiction; but the judgment, or determina-
tion  may be stated to have been duly given or made."  But this
section has no application to pleadings in the Justice's Court.

§ 3347, Code, subdivision 4; 2 Wait's Law & Prac. (5th ed.) 223; 3 id. 309.

I am of the opinion that the common-law rule, requiring that the facts conferring jurisdiction shall be set out, has never been changed as to pleadings in Justices' Courts. The case of Wheeler v. Dakin, 12 How. Pr. 537, cited by respondents, and which counsel for appellant seems to admit is an authority to that effect, but not controlling, is not in point at all. That was an action in the Supreme Court, and under section 161 of the Code of Procedure, then in force, which corresponds to section 532 of the present Code, it was not necessary that the complaint should state the facts conferring jurisdiction. It was only necessary to state that the judgment or determination had been duly given or made. The law seems to have been the same then as now. If suit were brought in certain courts of record, upon a judgment of an inferior court, the common-law rule of alleging the jurisdictional facts need not be followed; but there is no law changing that rule when the action is brought in an inferior court upon an inferior court judgment. At least, no such law has been called to my attention. No good reason occurs to me why such a distinction should have been made; but it seems to exist, and the remedy is with the legislature, and not with the courts.

Chapter 414 of the Laws of 1881, pursuant to which the action was brought, provides that the complaint shall state, " in a plain, concise manner the facts constituting the cause of action."

The allegation " that the judgment was duly rendered " is not a compliance with this requirement. Such an allegation has never been held to be a statement of the facts constituting a cause of action. Beach v. King, 17 Wend. 198; Cleveland v. Rogers, 6 id. 440; Cornell v. Barnes, 7 Hill, 37.

Such an allegation is by virtue of section 532 of the Code, allowed as a substitute for a statement of the facts in certain courts of record, but not in Justices' Courts.

The conclusion thus reached renders it unnecessary to consider the other points urged by appellant as ground for reversal.

The judgment below is reversed, with costs.

*Judgment reversed, with costs.*