COMMERCIAL NATIONAL BANK OF APPLETON, WISCONSIN, Appellant, vs. SMITH, imp., Respondent.

*September 26 — October 12, 1900.*

*Bills and notes: Indorsement: Guaranty: Statute of frauds: New and independent consideration: Incidental benefits.*

1. Under subd. 2, sec. 2307, Stats. 1898, providing that a special promise to answer for the debt of another shall be void unless in writing, subscribed by the promisor, and expressing the consideration, an indorsement on a promissory note, "I hereby guaranty the payment of the within note," signed by the guarantor, is void because it fails to express any consideration. *Taylor v. Pratt,* 3 Wis. 674, and *Parry v. Spikes,* 49 Wis. 384, followed.

2. R. and S., respectively the payee and guarantor of a note, were stockholders in a corporation in which R. held a controlling amount of stock. S. purchased some of R.'s stock on his own account, and G., the maker of the note, purchased the remainder, neither having any interest in the shares of the other. In payment G. gave the note in suit, indorsed by S., but the indorsement failed to show any consideration. *Held,* that the incidental benefit, if any, which might accrue to S. by having R. out, and G. in, as a stockholder of the corporation, did not amount to a new and independent consideration passing between newly contracting parties, and independent of the original contract, so as to take the guaranty out of the statute of frauds (subd. 2, sec. 2307, Stats. 1898).

APPEAL from a judgment of the circuit court for Outaga-
mie county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

This action was brought to recover on a promissory note
for $1,000 executed by the defendant Goodrick to one Row-
ell, and by him sold to the plaintiff. The defendant *Smith*
was made a party, as having signed a guaranty on the back
of the note, as follows: "I hereby guaranty the payment of
the within note. *A. L. Smith.*" Goodrick defaulted. *Smith*
answered in abatement that Rowell was a joint owner of
the note with plaintiff, and asked that he be made a party.
He admitted signing the guaranty as alleged, but set forth
that it was a special promise to answer for the debt of
another. A jury was waived. On the trial the defendant
*Smith* objected to any evidence under the complaint, on
the ground that it failed to state a cause of action. The
objection was overruled. After some evidence had been
taken, the plaintiff asked leave to file an amended complaint,
to which the defendant entered a similar objection. After
argument the court sustained the objection and granted judg-
ment for the defendant. The amended complaint, after set-
ting out the execution and delivery of the note with the
guaranty, alleged, in substance, that the omission to state a
consideration in the guaranty was an oversight, and that
*Smith* did in fact receive a valuable consideration for the ex-
ecution of said guaranty, which is claimed to rest upon the
following facts: *Smith* and Rowell were stockholders in a
corporation, the latter owning a controlling interest and
dictating its policy, which was not satisfactory to *Smith.*
He, with the defendant Goodrick, proposed to buy out Row-
ell's interest; he to retire, and Goodrick to take his place.
Rowell was to sell *Smith* 170 shares, and to Goodrick 470
shares, which would give them the control of the corporation.
Goodrick was to give five notes of $1,000 each, and Rowell
declined to take said notes unless three of them were guaran-
teed by *Smith*, which he consented to, and signed the guar-

anty on the note in suit. There was a further allegation
that Goodrick made a written pledge of his stock to a trustee
to secure the payment of these notes. The plaintiff has
appealed from the judgment dismissing the complaint as
against *Smith.*

For the appellant there were briefs by *E. G. Jones* and
*J. C. Kerwin,* and oral argument by *Mr. Kerwin.* They
contended, *inter alia,* that the amended complaint stated a
good cause of action against the defendant *Smith. Dyer v.
Gibson,* 16 Wis. 557; *Sears v. Loy,* 19 Wis. 96; *Shook v. Van-
mater,* 22 Wis. 532; *Cunningham v. Brictson,* 101 Wis. 384;
*Hall v. Wood,* 3 Pin. 308; *Hewett v. Currier,* 63 Wis. 386;
*Young v. French,* 35 Wis. 111; *Wyman v. Goodrich,* 26 Wis.
21; *Houghton v. Ely,* 26 Wis. 181; *Twohy M. Co. v. Ryan
D. Co.* 94 Wis. 319; *Griswold v. Wright,* 61 Wis. 195; *Os-
borne v. Farmers' L. & T. Co.* 16 Wis. 35; *Clapp v. Webb,* 52
Wis. 638; *Vogel v. Melms,* 31 Wis. 306; *Leonard v. Vreden-
berg,* 8 Johns. 29; *Mallory v. Gillett,* 21 N. Y. 417; *Burr v.
Mazer,* 2 Pa. Super. Ct. 436, 39 Weekly Notes Cases, 157;
*Grant v. Diebold S. & L. Co.* 77 Wis. 72; *Morgan v. South
Milwaukee L. V. Co.* 97 Wis. 278; *Hoile v. Bailey,* 58 Wis.
434; *Larson v. Cook,* 85 Wis. 564; *Putney v. Farnham,*
27 Wis. 187; *Gauger v. Pautz,* 45 Wis. 449; *Remington v.
Palmer,* 62 N. Y. 31; *Cady v. Shepard,* 12 Wis. 639; *King
v. Ritchie,* 18 Wis. 554; *Davis v. Barron,* 13 Wis. 227; *Lu-
queer v. Prosser,* 1 Hill, 256; *Gorman v. Ketchum,* 33 Wis.
427; *Hough v. Gray,* 19 Wend. 202.

*Lyman E. Barnes,* for the respondent.

BARDEEN, J. On its face the guaranty was confessedly
bad, under subd. 2, sec. 2307, Stats. 1898, because it failed to
express any consideration. It was so held early in the his-
tory of this state, and the rule so announced has never been
departed from. *Taylor v. Pratt,* 3 Wis. 674. In a later
case (*Parry v. Spikes,* 49 Wis. 384) the question was again

Commercial Nat. Bank of Appleton vs. Smith.

reviewed, and the conclusion in *Taylor v. Pratt* was affirmed; the court holding that a written guaranty upon a promissory note, though referring to the note, and made at the time with it, and constituting a ground of the credit to the maker, is void, by the statute of frauds, if it fails to express the consideration. These cases are conclusive against the plaintiff unless the facts attempted to be set out in the amended complaint are sufficient to take the case out of the operation of the statute. The plaintiff bases its contention upon *Dyer v. Gibson*, 16 Wis. 557, and subsequent cases, wherein it is held that the promise of one person, though in form to answer for the debt of another, if founded upon a new and sufficient consideration, moving from the creditor and promisee to the promisor, and beneficial to the latter, is not within the statute of frauds, and need not be in writing subscribed by him and expressing the consideration. The difficulty we find with the plaintiff's case is that, admitting all the facts alleged to be true, they do not bring this case within the rule above stated. *Smith* purchased some of Rowell's stock on his own account. Goodrick purchased the remainder on his own account. Goodrick had no interest in *Smith's* stock. *Smith* had no interest in Goodrick's stock. Rowell parted with nothing, and *Smith* received nothing to make him Rowell's debtor. The incidental benefit, if any, which might accrue to *Smith*.by having Rowell out, and Goodrick in, as a stockholder of the corporation, will not take the case out of the statute. *Clapp v. Webb*, 52 Wis. 638. In this case it is said: "Under repeated decisions of this court, the alleged promise is within the statute of frauds unless it was founded upon a new and independent consideration passing between the newly contracting parties, and independent of the original contract. . . . We are not aware of the existence of any rule of law which authorizes the inference that, merely because the promisor may be incidentally benefited by his promise, his object in mak-

ing it, and the consideration therefor, is such incidental benefit." A careful reading of the amended complaint fails to disclose any fact or circumstance sufficient to charge *Smith* as a guarantor, under the rule of the cases mentioned.

*By the Court.*— The judgment of the circuit court is affirmed.

CASSODAY, C. J., took no part.