GUITERMAN v. COUTANT et al.

(Supreme Court, Appellate Division, First Department. November 6, 1908.)

EXECUTION (§ 99*)—ISSUE OF SECOND EXECUTION.

Code Civ. Proc. § 1375, provides for the issuance of an execution, of course, by a party recovering judgment or his assignee, within five years after judgment. Section 1376 provides that, where the party recovering the judgment has died, execution may be issued, within such five years, by his personal representatives, or by the assignee of the judgment, if it be assigned. Section 1377 provides that, after lapse of such five years, an execution may be issued without leave when one was issued within such five years and has been returned unsatisfied. *Held* that, construing the three sections together, as they should be, the first two sections merely put the original judgment creditor, his assignee, and personal representatives on an equality, each being entitled according to the circumstances of the case, to issue execution of course, and that the limitation of five years in section 1376 on issuance of execution by personal representatives is only in respect to issuances of the first execution, and that, under section 1377, a first valid execution having issued within the time limited by any person entitled at the time to issue it, and been returned unsatisfied, a second execution may be issued, after lapse of the five years, by whoever is then the owner of the judgment and entitled to collect it, though it be the personal representatives, and the judgment creditor issued the first execution.

[Ed. Note.—For other cases, see Execution, Dec. Dig. § 99.*]

Appeal from Appellate Term.

Action by Simon Guiterman against Charles A. Coutant and another. From the determination of the Appellate Term (111 N. Y. Supp. 19, 59 Misc. Rep. 447), affirming an order of the City Court denying a motion to vacate and set aside execution (111 N. Y. Supp. 1081, 59 Misc. Rep. 23), defendants appeal. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGH-LIN, CLARKE, and SCOTT, JJ.

Walter S. MacGregor, for appellants.
David J. Gladstone, for respondent.

SCOTT, J. The defendant appeals from a determination of the Supreme Court, Appellate Term, affirming an order of the City Court denying a motion to vacate an execution. The motion to vacate was made upon several grounds, only one of which is now insisted upon.

A judgment in favor of the plaintiff was entered on September 29, 1893, and he promptly issued an execution thereon, which was returned unsatisfied on October 5, 1893. No further action respecting the judgment appears to have been taken by the plaintiff, who died in February, 1906. On March 19, 1908, the plaintiff's executors, through their attorney, issued to the sheriff of the county of New York the execution now sought to be set aside. It recites the recovery of the judgment and the issue of an execution thereon in 1893, and its return unsatisfied, and the death of the plaintiff and judgment creditor in February, 1906, and the issue of letters testamentary to his executors, and directs the sheriff to satisfy said judgment out of the property of the judgment debtor. It will be seen that nearly 15 years

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

elapsed between the entry of the judgment and the issue of execution thereon by the plaintiff's executors, and the ground upon which alone the appellant relies is that section 1376 of the Code of Civil Procedure is the only section which authorizes the issue of an execution by the personal representatives of a deceased judgment creditor, and that by that section such personal representatives can issue an execution only within 5 years after the death of the judgment creditor.

The determination of the appeal rests upon the construction of sections 1375–1377 of the Code of Civil Procedure. Section. 1375 provides for the issue of an execution of course by the party recovering the judgment or his assignee at any time within five years after the entry of judgment. Prior to 1866 (Laws 1866, p. 1839, c. 824), when section 283 of the Code of Procedure was amended, the personal representative of a deceased judgment creditor could in no event issue an execution upon a judgment recovered by their decedent, being obliged to resort to an action upon the judgment. Wheeler v. Dakin, 12 How. Prac. 537. The present section 1376 of the Code of Procedure, however, provides, as was in substance provided by the amendment in 1866 of section 283 of the Code of Procedure, that:

"Where the party recovering the final judgment has died, execution may be issued at any time within five years after the entry of the judgment by his personal representatives, or by the assignee of the judgment, if it be assigned and the execution must be indorsed with the name and residence of the person issuing the same."

Section 1377 provides that an execution may be issued, after the entry of a final judgment, either where an order is made by the court granting leave to issue the execution, or, without such an order, when an execution was issued upon the judgment within five years after the entry thereof, and has been returned wholly or partly unsatisfied or unexecuted. If section 1376 must be construed as standing alone, and without reference to sections 1375 and 1377, its language would limit the personal representatives of a deceased judgment creditor to the five years immediately following the entry of the judgment, and would forbid the issue of an execution by them, under any circumstances, after the expiration of said five years. We think, however, that the three sections referred to should be read together as constituting a comprehensive scheme governing the right to issue executions. So read, it will be seen that, so far as concerns an execution issued within five years after the entry of a judgment, the original judgment creditor and his assignee and his personal representatives are all placed upon an equality, each being entitled, according to the circumstances of the case, to issue executions of course, without the necessity of applying for a permissive order; and we consider that the limitation of five years, contained in section 1376, as the time within which the personal representatives of a deceased judgment creditor may issue execution, was inspired by no other intention than to place the same limitation upon such personal representatives that is placed by section 1375 upon the original judgment creditor and his assignee.

Section 1377 is general in its application. It does, not say who may issue an execution after five years, and does not limit the right to do so to the original judgment debtor and his assignee. All it says

is that under given circumstances an execution can be issued; nor does it specify, when the right to issue is made dependent upon the issue and return of a former execution, who must have issued that former execution. It is clearly sufficient that a valid execution shall have been issued within five years after the entry of the judgment, and returned unsatisfied; and such an execution will have been valid, if issued by any person entitled at the time to issue it. The true construction to be given to the sections read together is that within five years after the entry of the judgment an execution may be issued of course by whoever is then the owner of the judgment and entitled to collect it, whether the original judgment creditor or his assignee, or his personal representatives; that if such an execution has been issued within five years, and returned unsatisfied, a second execution may thereafter be issued, without the necessity of a permissive order, by whoever may then be the owner of the judgment and entitled to collect it, whether the original judgment creditor, or his assignee, or his personal representatives. In our opinion this construction comports with the intention of the Legislature in enacting the sections above referred to.

It follows that the determination of the Appellate Term must be affirmed, with costs. All concur.