(139 App. Div. 419.)

### SAXE v. PECK.

(Supreme Court, Appellate Division, Third Department. June 29, 1910.)

1. STATUTES (§ 239*)—RIGHT TO SUE—STATUTORY EXCEPTIONS—EXPRESSION OF.
    As a party has the right in this state to sue on any cause of action which he holds, any statutory exception to that right must be distinctly expressed.
    [Ed. Note.—For other cases, see Statutes, Cent. Dig. § 320; Dec. Dig. § 239.*]

2. JUDGMENT (§ 910*)—ACTION ON—TIME TO SUE.
    In Code Civ. Proc. § 1913, prohibiting an action on a judgment between the original parties, unless 10 years have elapsed since the docketing of the judgment, the intention is not to extend such prohibition beyond the 10 years, nor to assignees of the judgment.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1732–1737; Dec. Dig. § 910.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

Appeal from Special Term, Rensselaer County.

Action by William A. Saxe against Alfred G. Peck. From an interlocutory judgment overruling a demurrer to complaint, defendant appeals. Affirmed.

The action was commenced January 18, 1910, to recover upon a judgment for a sum of money. The complaint alleges that on the 10th day of July, 1895, one Ellen G. Saxe recovered a judgment in the Supreme Court of the state of New York against the defendant for the sum of $7,142.11; that the judgment was on that day duly docketed in the office of the clerk of the county of Rensselaer; that an execution on said judgment was duly issued to the sheriff of Rensselaer county and was returned wholly unsatisfied July 31, 1896; that before the commencement of the present action the judgment was assigned to the plaintiff herein; and that no part of the same has been paid or satisfied. The demurrer is upon the ground that the complaint does not state facts sufficient to constitute a cause of action.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

B. E. De Groot, for appellant.
Calvin S. McChesney, for respondent.

SEWELL, J. It is a well-settled rule in this state that a party has a right to sue on any cause of action which he holds, and any statutory exception to that right must be distinctly expressed. Goodyear Dental Vul. Co. v. Frisselle, 22 Hun, 174.

The only statutory restriction to an action upon a judgment for a sum of money, rendered in a court of record of this state, is contained in section 1913 of the Code of Civil Procedure. That section provides that an action upon such a judgment cannot be maintained between the original parties to the judgment, unless 10 years have elapsed since the docketing of the judgment, or the court in which the action is brought has previously made an order granting leave to bring it.

This statute clearly indicates an intention not to extend the prohibition to an action upon a judgment rendered in a court of record, if 10 years have elapsed since the docketing of the judgment, or to assignees of the judgment. It was said in Carpenter v. Butler, 29 Hun, 252, that:

"The mischief to be obviated by this statute is prevented by this construction, and no reason exists for extending the interdiction to honest assignees. There are many reasons why such new owners of judgments should renew the same by action. The record will thus be made to stand in their own name free from the interference of the original plaintiff, and execution may be issued to enforce the judgment at the pleasure of the actual party in interest, and remain under his control. The cases of Wheeler v. Dakin, 12 How. Prac. 537, Smith v. Britton, 45 How. Prac. 428, and Tufts v. Braisted, 4 Duer, 607, furnish support for these views."

That section 1913 does not apply where, as in this case, the judgment has been assigned, was also held in Carpenter v. Butler, 29 Hun, 251; Knapp v. Valentine (C. C.) 33 N. Y. Supp. 712; and in McGrath v. Maxwell, 17 App. Div. 246, 45 N. Y. Supp. 587, decided by this court.

I think, therefore, that the demurrer was not well taken, and that the interlocutory judgment should be affirmed, with costs, with leave to the defendant to withdraw his demurrer and to answer within 20 days upon payment of costs in this court and in the court below. All concur.