PEAVEY, Appellant, vs. LOVELAND and others, Respondents.

*March 10—April 5, 1921.*

*Frauds, statute of: Guaranty: Valuable consideration: Assignments: Form of judgment.*

1. Where one on the strength of a defective agreement in good faith parts with a valuable consideration which enriches the promisor, a court of equity will enforce the agreement, though it requires the lifting of it out of the statute of frauds; and this principle applies to a guaranty of a note where the guarantor received and retained a valuable consideration.
2. At common law, in case of an assignment, the action must be in the name of the assignor though the judgment will inure to the benefit of the assignee.

3. The guarantor of a note secured by a mortgage cannot complain that a personal judgment against him on his guaranty was taken in form in favor of the payee, although the payee had assigned the note, mortgage, and judgment of foreclosure to a trustee. Both being parties and consenting to the form of judgment, payment thereunder would protect the guarantor.

APPEAL from a judgment of the circuit court for Bayfield county: G. N. RISJORD, Circuit Judge. *Affirmed.*

Consolidated actions to foreclose a mortgage and to enforce the personal liability of the guarantor of the payment of a note for $5,000. The written guaranty read: "I hereby guarantee payment of the within note and mortgage before and after maturity. *H. H. Peavey.*" The consideration for the guaranty was the assignment to *Peavey* by the payee of the note, *Loveland,* of a one-half interest in notes other than the one guaranteed, aggregating $10,000, secured by the same mortgage which *Peavey* has foreclosed in this action, consolidated with *Loveland's* foreclosure action of the same mortgage, and in which the trial court found that he was personally liable on the guaranty, and that upon the payment of the note of $5,000 his interest in said foreclosure judgment should be increased by said amount.

After *Loveland* foreclosed the judgment he assigned the notes and mortgage and the judgment to *Heegard,* trustee, who was a party to the action. Plaintiff appealed.

For the appellant there was a brief by *Walsh & Morris* of Washburn, and oral argument by *Charles F. Morris.*

For the respondents the cause was submitted on the brief of *Williams & Foster* of Fond du Lac and *A. W. MacLeod* of Washburn.

VINJE, J. The facts are not set forth fully because the appeal raises only two material questions that could well be stated abstractly. The first is whether there has been such an execution of the agreement on the part of *Loveland* by the transfer to *Peavey* of a one-half interest in the $10,000 notes as to lift the guaranty out of the statute of frauds.

It is a familiar principle that where one on the strength of a defective agreement in good faith parts with a valuable consideration which enriches the promisor, a court of equity will enforce the agreement though it requires the lifting of it out of the statute of frauds. *Rowell v. Smith*, 123 Wis. 510, 102 N. W. 1. There the question was whether a written guaranty reading "I hereby guarantee the payment of the within note," signed by one Smith, was enforceable against him. It was held that it was not because no consideration moved to him out of the original transaction and no separate consideration was claimed or proven. In the case at bar not only is there a separate consideration shown, but it is undisputed that *Peavey* was a party to and profited by the original transaction. Indeed, the trial court found that he was guaranteeing his own debt. We do not pass upon the correctness of the latter finding, as we prefer to rest our decision upon the ground that the guarantor accepted, retained, and still insists upon retaining the benefits of a valuable consideration that enriched him and to that extent impoverished the promisee.

Counsel for appellant relies upon *Commercial Nat. Bank v. Smith*, 107 Wis. 574, 83 N. W. 766, in which the same guaranty was passed upon and held void for the reason that the evidence or proffered proof showed no consideration moving to Smith. It is there said:

"The plaintiff bases its contention upon *Dyer v. Gibson*, 16 Wis. 557, and subsequent cases, wherein it is held that the promise of one person, though in form to answer for the debt of another, if founded upon a new and sufficient consideration, moving from the creditor and promisee to the promisor, and beneficial to the latter, is not within the statute of frauds, and need not be in writing subscribed by him and expressing the consideration. The difficulty we find with the plaintiff's case is that, admitting all the facts alleged to be true, they do not bring this case within the rule above stated." Page 577.

In the present case the proof brings it clearly within the rule because of the valuable consideration shown by the evi-

dence to have passed from *Loveland* to *Peavey*. See, also, *Grace v. Lynch*, 80 Wis. 166, 49 N. W. 751; *Phillips v. Holland*, 149 Wis. 524, 136 N. W. 191. That such evidence was admissible is also held in *Dyer v. Gibson*, 16 Wis. 557.

The second question is, Can *Peavey* justly complain because the personal judgment on the guaranty was taken in form in favor of *Loveland?* Since the assignee of the judgment of foreclosure was a party to the action and does not complain because the judgment for the deficiency was taken in form in favor of *Loveland, Peavey* is not injured. He owes either one or the other, and, both being parties to the action and consenting to the form of the judgment, payment to *Loveland* protects him from payment to *Heegard*, the trustee. At common law the action must have been in the name of the assignor of the judgment and the judgment he obtained inured to the benefit of the assignee.

The material findings made by the trial court were sustained by the evidence and the correct legal result · was reached.

*By the Court.*—Judgment affirmed.