GOULD, Respondent, vs. JACKSON, Appellant.

*April 5—May 2, 1950.*

For the appellant there was a brief by *Wilcox & Sullivan* of Eau Claire, and *L. A. Squire* of Madison, and oral argument by *Miss Betty R. Brown* of Eau Claire.

For the respondent the cause was submitted on the brief of *F. E. Yates* and *Harry L. Albrecht,* both of Eau Claire.

BROWN, J.  Sec. 270.95, Stats., provides:

*"Action on judgment, when brought.*  No action shall be brought upon a judgment rendered in any court of this state, except a court of a justice of the peace, between the same parties, without leave of the court, for good cause shown, on notice to the adverse party."

The sole question for determination is whether or not plaintiff, the assignee of the judgment, is the same party as the assignor in the contemplation of the statute so that he must obtain leave to bring this action. Neither sec. 270.95, Stats., nor its predecessors have ever been construed in Wisconsin, as far as we can discover, in an action brought upon a judgment by an assignee thereof. A similar statute has been construed in New York where it has been held that such an assignee does not have to obtain leave of court to bring the action. *Smith v. Britton*, 45 How. (N. Y.), 428, *Carpenter v. Butler*, 29 Hun (N. Y.), 251, *Saxe v. Peck*, 139 App. Div. 419, 124 N. Y. Supp. 14, and others. *Saxe v. Peck*, *supra*, is the authority for the statement: "The prohibition [of such statutes] is usually confined to actions between the same parties, and therefore a *bona fide* assignee of the judgment may sue without leave;" found in 50 C. J. S., Judgments, p. 425, sec. 853. We have not discovered authority upon the subject in jurisdictions other than New York and we think that its interpretation although consistent with the literal meaning of the words "between the same parties" does violence to a recognized, fundamental principle of law.

It is fundamental that by an assignment the assignee of a nonnegotiable chose in action obtains nothing more than the assignor had and all defenses which could have been raised by the debtor against the assignor are available to the debtor against the assignee, unless the debtor by his own conduct or representations has estopped himself from asserting them. We have stated this principle many times. *Morris F. Fox & Co. v. State* (1938), 229 Wis. 44, 49, 281 N. W. 666; *Norman F. Thiex, Inc., v. General M. A. Corp.* (1935), 218 Wis. 14, 20, 259 N. W. 855; *Michalak v. Nowinski* (1936), 220 Wis. 1, 7, 264 N. W. 498; *Fischbeck v. Mielenz* (1903), 119 Wis. 27, 34, 96 N. W. 426; *Allison v. Manzke* (1903), 118 Wis. 11, 94 N. W. 659. The latter case states the rule as well as any on page 18. " '. . . the assignee of a chose

in action stands exactly in the shoes of his assignor. He succeeds to all of his rights and privileges, but acquires no greater right than his assignor had in the thing assigned.' " It is this principle upon which appellant depends. The New York view, which is that adopted by the learned trial court and now urged by respondent, would compel us to hold that by operation of the statute the assignee has acquired a right which the assignor did not have and the judgment debtor has been deprived of a defense which was valid against the assignor. Such a construction of the statute seems to us to produce a result so inconsistent with the established principles of assignments and so contrary to reason as to raise serious doubt that such was the intent of the legislature. To discover, if possible, the legislative intent in the history of the statute we have searched the session laws and find that the present sec. 270.95, Stats., was enacted as ch. 120, sec. 13, approved October 9, 1856. Ch. 120 was Wisconsin's first code of procedure and until then the common law, except for the constitution and minor statutory modifications, was the law of this state. At common law a judgment was not assignable so as to put legal title in the assignee (49 C. J. S., Judgments, p. 961, sec. 512), and even as to such choses in action as were assignable the assignee had to bring his action in the name of the assignor. *Varney v. Bartlett* (1856), 5 Wis. 276, 278; *Peavey v. Loveland* (1921), 174 Wis. 57, 60, 182 N. W. 349.

Thus, we think, legislators voting in 1856 upon ch. 120, sec. 13, would consider that an action brought upon a judgment in the name of the original judgment creditor against the judgment debtor was an action between the same parties who had appeared in the original proceeding even though there might be in the background an assignee of the judgment. If the common-law requirement that the suit must be brought in the name of the assignor was still in existence we do not believe that the question which is before us today could

have arisen, but sec. 15 of the same ch. 120 was also enacted, the material part of which is: "Every action must be prosecuted in the name of the real party in interest, . . ." That did, at least, put another name into the title of the action, whether or not in the contemplation of the law, it changed any other rights or obligations. The sentence quoted from sec. 15 is a statement of what theretofore was the rule in equity and the section merely applied it henceforth to actions at law. We do not conceive that it was intended to change any rights or obligations whatever or that it did so. It was a procedural reform whose only purpose was to inform the court by the pleadings of the identity of the parties before it.

Next after sec. 15 comes sec. 16 of ch. 120, Laws of 1856, as follows:

"In case of an assignment of a thing in action, the action of the assignee shall be without prejudice to any setoff or other defense existing at the time of or before notice of the assignment, but this section shall not apply to a negotiable promissory note or bill of exchange transferred in good faith, and upon good consideration before due."

In our view that section indubitably limited the assignee's rights and privileges to those enjoyed by his assignor. If the judgment debtor might plead the good defense that a plaintiff who was the original judgment creditor had not obtained leave to sue, sec. 16 preserved that right to the debtor when the plaintiff's claim rested on an assignment. And of course he might, when the allegations of the complaint make it suitable, as they do here, raise the legal issue by demurrer.

The foregoing portions of ch. 120, Laws of 1856, still stand in our statutes. Secs. 13, 15, and 16 have become secs. 270.95, 260.13, and 260.14, Stats., respectively. After the passage of so long a time it is not now generally remembered that they came into being in one enactment and that the legislature which created them read and passed them as a unit, but when they are so read and understood we do not

doubt that the phrase "between the same parties" in ch. 120, sec. 13, Laws of 1856, was meant to include the assignee who stands in the shoes of his assignor; that as the original judgment creditor could not bring his action without leave of court neither can his assignee; and as the original creditor's failure to obtain leave to sue gave the judgment debtor a defense to the action, so the old ch. 120, sec. 16, and the present sec. 260.14, preserved to him the same defense in case of a like omission by a plaintiff who is an assignee.

We think it also of some significance that when these statutes were new apparently no one thought a right of action without obtaining leave had been created for the assignee's benefit. At least in almost one hundred years no case based on that theory came before us. It is not surprising that a procedure which did not offer possibilities to an older generation should appear to offer them now when the circumstances under which the legislation was enacted have generally been forgotten, but our study has confirmed our belief that the legislature intended no diminution of a judgment debtor's protection because the action against him is brought by a second or subsequent owner of the judgment rather than the first. The assignee, therefore, must comply with the requirements to which the assignor was subject and, if he does not, the consequences of the omission are the same for the assignee as they would have been in the case of the assignor.

Authority, too, agrees with our conclusions: Under a California statute providing that evidence given in a former action is admissible, under certain circumstances, in another action "between the same parties," the parties were held to be the same in a second action although the plaintiff in the first action had died, the nominal plaintiff in the second action was his executrix representing the real party in interest who was the heir of the deceased. *Fredericks v. Judah,* 73 Cal. 604, 15 Pac. 305. Also, under another California statute, which permitted a deposition taken in one action to be read in another action "between the same parties," it was held that

the parties in a second action were the same as in the first, for the purposes of the statute, though actually the defendants were grantees from the former plaintiff. *Briggs v. Briggs,* 80 Cal. 253, 22 Pac. 334. And in *Britton v. Thornton,* 112 U. S. 526, 535, 5 Sup. Ct. 291, 28 L. Ed. 16, there was involved a Pennsylvania statute which required two concurring verdicts and judgments thereon in a common-law ejectment between the same parties, upon the same title, to conclude the rights. The court said "The words 'the same parties' of course include their heirs and assigns."

*By the Court.*—Order overruling defendant's demurrer reversed and cause remanded for further proceedings consistent with this opinion.