SOLOMON HUTSON, Plaintiff in Error,

*vs.*

LUCIUS FIELD, Defendant in Error.

ERROR TO THE ROCK CIRCUIT COURT.

An undertaking in writing, attached to a lease between landlord and tenant, by
which a third person, without expressing any consideration, agrees to become
security for the prompt payment of the rent, is void as within the statute of frauds.

This was an action originally brought before a justice, whose
judgment was reviewed in the circuit court, and there reversed;
to reverse which judgment of the circuit court this writ of error
was brought. The facts appear in order and detail in the
opinion of the court.

*Case and Wickham* for plaintiff in error made the following
points :

1st. The promise of Hutson (if it may be called a promise),
is to pay the debt of Craft; and no consideration is expressed
upon the face of the agreement, and therefore void by the stat-
ute of frauds. R. S., 388, Ch. 76, § 2 ; 15 Wend. R., 182 ; Id.
343, 347 ; 3 Wis., 674.

2nd. The plaintiff should have declared specially against
Hutson as surety, if he had been liable for the rent. 1 Denio,
105 ; 8 Taunt., 737.

*Bennett, Sloan, and Patten,* for defendant in error.

*By the Court,* SMITH, J.—This was an action of assumpsit,
commenced in the police court of the city of Janesvillle by the

defendant in error against the plaintiff in error. On the return day of the writ the parties appeared. The plaintiff declared upon a lease of a barn, between plaintiff and William Craft, signed by defendant as surety; also upon the common counts. The defendant pleaded the general issue, and gave notice of set off.

On the trial before the justice, the plaintiff gave in evidence a certain instrument in writing, as follows: " This is to certify " that I have taken and leased of L. Field, his barn and lot "situated on Water street, between South Second and South " Third streets, in the city of Janesville, for the term of one " year from the 15th day of April inst., at the annual rent of " one hundred dollars, to be paid quarterly on the 15th days of " July, October, January, and April. I, the said Craft, is to " have the privilege of putting any building or shed on the lot, " and to remove the same at the expiration of the lease. I, Sol. " Hutson agree to become security for the prompt payment of " the rent. Janesville, April 2nd, 1856.

[Signed]           " WILLIAM CRAFT.
                   " SOLOMON HUTSON."

The plaintiff also proved before the justice that Craft occupied the barn mentioned in the lease during some part of the term, but how long did not appear. A witness also testified that at one time Hutson the defendant below offered to let him the barn.

Upon this evidence the case was submitted to the justice aforesaid, who rendered judgment in favor of the defendant below. The case was afterwards removed to the circuit court by *certiorari*, where the judgment of the justice was reversed, and a judgment for costs rendered against the plaintiff in error.

The only question in this case arises upon the proper construction to be given to the instrument in writing on which the plaintiff before the justice declared.

There can be no doubt that it was the intention of the parties to that instrument to create the relation of landlord and tenant between Craft and Field. The instrument does so in terms. But it creates no such relation between Field and Hutson. The

latter assumes none of the duties or obligations of tenant. He owes no fealty to Field as landlord. He is simply a guarantor of the payment of the rent by Craft, and as such comes within the principles of law applicable to cases of that kind which have been heretofore adjudicated and applied by this court. *Taylor and Hamil* vs. *Pratt*, 3 Wis., 674.

It is clear that this is not a joint contract of lease, because while Craft assumes all the duties and obligations of tenant, Hutson only becomes guarantor for the payment of the stipulated rent. The contract on his part is to answer for the debt of another, and as there is no consideration expressed therein, it is void by the statute of frauds. There can be no pretence for holding him as principal, or joint contractor. Craft is, by the terms of the instrument, a tenant of Field ; and as such, liable to all the duties and obligations incident to that relation ; while Hutson is simply surety for the payment of the stipulated rent, and could be held for no further or other liabilities, even were the contract not void as before stated. This shows that the agreement is not joint, and that Hutson cannot be held as principal. We have already stated that he cannot be held as guarantor.

Judgment of the circuit court reversed, with costs, and judgment of the justice affirmed.