PARRY vs. SPIKES and others.

*April 26 — May 11, 1880.*

*Guaranty: Statute of Frauds.*

A written guaranty upon a negotiable promissory note, though referring to the note, and made at the same time with it, and constituting a ground of the credit given to the maker, is void by the statute of frauds, if it fails to express the consideration. *Taylor v. Pratt,* 3 Wis., 674, adhered to on the principle of *stare decisis;* and *Houghton v. Ely,* 26 id., 181, distinguished.

APPEAL from the County Court of *Winnebago* County.

Action against defendants as guarantors of the payment of a promissory note. The case made by the complaint was this: On the 2d of August, 1877, at Oshkosh, one Stanley sold to one Ellsworth a large quantity of goods; and, in part payment therefor and in consideration thereof, Ellsworth executed and

delivered to Stanley his promissory note, whereby, "one year after date, for value received," he promised to pay said Stanley or order $450 with interest at a specified rate. After the execution of the note and before its delivery to the payee, and for the purpose of giving said note additional credit, and in consideration of the sale and delivery of said goods by Stanley to Ellsworth, defendants, with the intention of giving said note security and original validity, "indorsed and signed said note on the back as follows: ' We the undersigned jointly guaranty the payment of the within note.'" [Signed by the defendants.] After the execution and indorsement of the said note as aforesaid, and in consideration of the sale and delivery of said goods to Ellsworth by said Stanley, the note was delivered to the payee, who afterwards assigned ·and transferred the instrument for value to the plaintiff, who is the lawful owner and holder thereof, and of the indebtedness secured thereby. The complaint further alleges due presentment of the note to the maker for payment; his refusal of payment; due notice to the defendants; and that they are now justly indebted to plaintiff on said "note, indorsement and guaranty" to the full amount of the principal and accrued interest.

Defendants demurred to the complaint as not stating a cause of action; and plaintiff appealed from an order sustaining the demurrer.

*G. J. Cox,* for appellant:

The original consideration to the maker embraces the guarantors as well as the principal, where the guaranty is contemporary with the principal contract. 2 Daniel on Neg. Inst., § 1759; *Houghton v. Ely,* 26 Wis., 181; *Gorman v. Ketchum,* 33 id., 427; *Ives v. Basley,* 35 Md., 262 (6 Am., 411); *Burton v. Hansford,* 10 W. Va., 470 (27 Am., 571); *Barlow v. Myers,* 64 N. Y., 41; *Leonard v. Vredenburgh,* 8 Johns., 29. In *Taylor v. Pratt,* 3 Wis., 674, it did not appear that the indorsement and guaranty were before delivery of the note, or that it was protested at maturity; but if that case is in

conflict with the principle above stated, it has been overruled by the later Wisconsin cases cited. Where the indorsement or guaranty is made for the purpose of procuring credit for the note, the indorsers or guarantors are liable. *Cromwell v. Hewitt,* 40 N. Y., 491; *White's Bank v. Myles,* 73 id., 335; *Burton v. Hansford, supra; Moore v. Cross,* 19 N. Y., 227; *Richards v. Waring,* 1 Keyes, 575; *Chaddock v. Van Ness,* 35 N. J., 517 (10 Am., 256); *Eilbert v. Finkbeiner,* 68 Pa. St., 243 (8 Am., 176); *Rothschild v. Grix,* 31 Mich., 150 (18 Am., 171); *Jones v. Goodwin,* 39 Cal., 493 (2 Am., 473, and note by reporter). The note and guaranty are to be read together; and the words "value received," on the face of the note, express the consideration for both. *Houghton v. Ely, supra; Sears v. Loy,* 19 Wis., 96; *Washburn v. Fletcher,* 42 id., 152; *Dahlman v. Hammel,* 45 id., 466; *Leonard v. Vredenburgh, supra.* Although the consideration for a promise may pass to a third person, and not to the promisor, still, if the promise is made at the time the credit is given, and it is given on the strength of such promise, it is held to be an original undertaking, and not within the statute of frauds. *Hall v. Wood,* 4 Chand., 36 (3 Pin., 308); *Thayer v. Gallup,* 13 Wis., 539; *Snyder v. Wright,* id., 691; *Dyer v. Gibson,* 16 id., 557; *Shook v. Vanmater,* 22 id., 532; *Putney v. Farnham,* 27 id., 187; *Vogel v. Melms,* 31 id., 306; *Young v. French,* 35 id., 111; *Hull v. Brown,* 35 id., 652; *Cady v. Shepherd,* 12 id., 639; *Davis v. Barron,* 13 id., 227; *King v. Ritchie,* 18 id., 554; *Jones v. Goodwin,* 39 Cal., 493 (2 Am., 473); *Ricard v. Sanderson,* 41 N. Y., 179; *Barker v. Bradley,* 42 id., 316; *Coster v. Mayor,* 43 id., 399; *Barlow v. Meyers,* 64 id., 41; *Vrooman v. Turner,* 69 id., 280; *Miller v. Winchell,* 70 id., 437; Pomeroy on Spec. Perf., 548. If the written guaranty is void, the writing over the signatures has no significance, and defendants should be treated as indorsers, the complaint containing proper averments for that purpose.

*Charles W. Felker,* for the respondents, argued, among

Parry vs. Spikes and others.

other things, that the guaranty is in its own nature an independent contract, and an undertaking for another. *Taylor v. Pratt*, 3 Wis., 674; *Brewster v. Silence*, 8 N. Y., 207; *Ten Eyck v. Brown*, 3 Pin., 452; *Finker v. McCauley*, 3 Mich., 188; Bouv. Law Dic., "Guaranty;" Brandt on S. & G., §§ 1, 2; Fell on Guaranty, 1. To the point that the guaranty was void for failure to express the consideration, he cited *Wain v. Warlters*, 5 East, 10; *Brewster v. Silence, supra; Mallory v. Gillett*, 21 N. Y., 412; *Draper v. Snow*, 20 id., 331; 2 Daniel on Neg. Inst., § 1763, and especially *Taylor v. Pratt, supra*, and *Hutson v. Field*, 6 Wis., 407; and he contended that in *Houghton v. Ely* and *Gorman v. Ketchum*, which were both cases of blank indorsements of non-negotiable notes, the court did not overrule the doctrine of *Taylor v. Pratt*. He also contended that most of the cases cited for the appellant were either cases of blank indorsements (having, as this court said in *Taylor v. Pratt*, "no analogy to the question now before us"), or cases in which the promisor undertook to pay his own debt upon a consideration passing to himself, or cases of written guaranties expressing a consideration upon their face.

COLE, J. The ruling of the county court sustaining the demurrer to the complaint is clearly supported by the decision in *Taylor v. Pratt*, 3 Wis., 674, decided by this court a quarter of a century ago. The facts stated in the complaint are substantially the same as those presented on the record in that case; consequently the order cannot be reversed without overruling *Taylor v. Pratt*.

We are decidedly opposed to unsettling a rule of law of such practical importance in the business transactions of every day, which was established so long ago upon the fullest argument, after great deliberation, whatever might be our views upon the point as a new question. "Stability and certainty in the law are always of the first importance. They are more

especially so in cases arising under the statute of frauds than any other. There is no statute the provisions of which enter more frequently into the transactions of trade and commerce. It is a matter of daily and hourly interest that they should be remembered and attended to." DIXON, C. J., in *Houghton v. Ely*, 26 Wis., 181–195. These observations of the chief justice have great weight in cases of this character. The learned counsel for the plaintiff insists that the doctrine of *Taylor v. Pratt* has been greatly weakened, if not directly overthrown, in subsequent cases decided by this court. But this is a mistake. It is true, DIXON, C. J., in *Houghton v. Ely*, makes a vigorous attack upon the doctrine of *Taylor v. Pratt*, and attempts to show that it is unsound in principle and opposed to the great weight of authority. But the majority of the court did not concur in the chief justice's strong disapproval of the doctrine of *Taylor v. Pratt*. For, while I agreed with the chief justice in holding the defendants, in *Houghton v. Ely*, as not within the protection of the statute of frauds, and liable as joint makers — they having written their names on the back of a non-negotiable promissory note, at the time it was made and delivered to the payee, for the purpose of giving the instrument additional credit,— I stated that I should adhere to the decision in *Taylor v. Pratt* in a case presenting the same facts.

Mr. Justice PAINE combated the views of the chief justice in an opinion marked by his usual clearness of reasoning and logical precision, saying that while the decision in *Taylor v. Pratt* stood opposed to an indefinite number of authorities, there was still no doubt that it was in accordance with the statute of frauds, and he thought the contract of defendants in *Houghton v. Ely* came within the principle decided in the former case. But the majority did not, in *Houghton v. Ely*, attempt to overrule *Taylor v. Pratt*, and the latter case stands to-day as the law of this state upon the point decided. That point was, as stated by Mr. Justice PAINE, in his opinion just

referred to, that a written guaranty upon a negotiable promissory note, though referring to the note, and though made at the same time with the note, and constituting a ground of the credit given to the maker, was void within the statute of frauds, because it did not express the consideration for the guaranty. Page 204. The facts set forth in the complaint show that this was the precise nature of the guaranty entered into by the defendants. In other words, it is the case of *Taylor v. Pratt* over again, in every essential element, fact and feature. The decision must be now, as it was then, against the validity of the guaranty. It is idle to enter upon any general discussion of the question involved. It is sufficient to say that the point has long since been decided against the plaintiff, and the argument on both sides of the question entirely exhausted. We have no hope that we could add anything valuable to the discussion if we were to try, and we therefore affirm the order.

*By the Court.* — The order of the county court is affirmed.