KLEE, Appellant, vs. STEPHENSON, Respondent.

*January 9—January 29, 1907.*

*Guaranty: Statute of frauds: Promise to answer for debt of another: Memorandum: Consideration.*

[1. Whether, under the facts stated in the opinion, notice of acceptance by plaintiff of a memorandum of guaranty was necessary in order to charge the defendant with liability as guarantor, not determined.]

2. A written instrument: "R. S. agrees to assume one-half of W. S.'s liability under the above guaranty," fails to express any consideration, and hence is void under subd. 2, sec. 2307, Stats. 1898. It is at best merely a promise to answer for the debt of another person.

APPEAL from a judgment of the superior court of Douglas county: CHARLES SMITH, Judge. *Affirmed.*

For the appellant the cause was submitted on the brief of *G. H. Winsor* and *Archibald McKay,* and for the respondent on that of *R. I. Tipton.*

WINSLOW, J.  This is an action upon a written guaranty. The case was tried by the court and the facts were not in dispute.  One Baillie, a merchant tailor at Superior, desired to purchase goods on credit of the plaintiff, a merchant in New York.  In order to obtain credit Baillie, on the 17th day of July, 1902, procured one Sims to sign a written guaranty by the terms of which Sims, in consideration of the sum of one dollar paid by the plaintiff, guaranteed to the plaintiff payment of all indebtedness which might become due from Baillie to the plaintiff not exceeding $300 for the period of one year.  At the foot of this guaranty the defendant signed an agreement in the following words:

"*Rufus Stephenson* agrees to assume one half of Wm. Sims' liability under the above guaranty.  This is to be in force for one year only from above date, July 17th, 1902."

The two agreements were delivered to the plaintiff, who thereupon sold goods to Baillie during the following year upon credit, upon which a balance of more than $300 remained unpaid at the time of the commencement of this action.  The defendant had no notice or knowledge that his guaranty had been accepted by the plaintiff or that any goods had been sold to Baillie relying thereon until about the time of the commencement of this action.  Judgment was rendered for the defendant on the ground that his agreement was simply an offer of guaranty which had never been accepted, and the plaintiff appeals.

We express no opinion upon the somewhat vexed question whether notice of acceptance by the plaintiff was necessary to charge the defendant with liability as a guarantor.  In our judgment it is certain that the written instrument fails to express any consideration, and hence is void under subd. 2, sec. 2307, Stats. 1898, because it is at best merely a promise to answer for the debt of another person.  This follows necessarily from the decisions of this court.  *Taylor v. Pratt,* 3 Wis. 674; *Huston v. Field,* 6 Wis. 407; *Parry v. Spikes,* 49

Wis. 384, 5 N. W. 794; *Comm. Nat. Bank v. Smith,* 107 Wis. 574, 83 N. W. 766; *Rowell v. Smith,* 123 Wis. 510, 102 N. W. 1.

*By the Court.*—Judgment affirmed.