INTERNATIONAL TEXTBOOK COMPANY, Appellant, vs. Mc-
KONE and another, Respondents.

*September 27—October 15, 1908.*

*Infants: Contracts: Liability: Guaranty: Failure to express considera-
tion: Statute of frauds: Foreign corporations: Conditions pre-
cedent to transaction of business.*

1. Where an infant had contracted in writing for a course of in-
   struction with plaintiff, but had concluded not to take the
   course and had turned over to the representative of plaintiff
   the books, papers, and appliances he had received, the plaintiff
   has no claim against the infant, because nothing had been
   received by him upon which an implied liability could be based.
2. An infant contracted in writing with a correspondence school for
   a course of instruction, made a first payment thereon, and
   received an outfit of books and other matter, but subsequently
   rescinded the contract and returned the outfit. Attached to
   the contract was a writing signed by the infant's father: "I
   hereby guarantee the payment of the price of the scholarship
   taken." *Held*, that the father's agreement was one whereby
   he undertook to answer for the debt or default of his son, and
   came within that provision of the statute of frauds declaring
   such agreements void if they fail to express the consideration.
[3. Whether plaintiff, a foreign corporation, could enforce its con-
   tract, in view of the provisions of sec. 1770*b*, Stats. (1898), not
   decided.]

APPEAL from a judgment of the county court of Winne-
bago county: C. D. CLEVELAND, Judge. *Affirmed.*

Plaintiff is a corporation whose principal place of busi-
ness is at Scranton, Pennsylvania, and is engaged in the
business of furnishing courses of instruction by correspond-
ence. For the purpose of carrying on its work in Wisconsin
plaintiff has adopted a system of graded agents, the general
supervision of the work in the state being in charge of a
state superintendent with an office in the city of Milwaukee.
Under the state superintendent are a number of division
superintendents, and under each of the division superin-

tendents are several subagents. The subagents distribute advertising matter furnished by the home office, solicit contracts, collect on them, and remit the moneys so collected to the plaintiff. The contracts signed by the persons proposing to take courses of instruction are sent by the local agents to the company at Scranton, and, if accepted by the company, lesson papers and instruction matter are sent to the student from Scranton. From time to time further instructions are sent to the student, and his papers, after being corrected, are returned to him. Sets of books, drawing outfits, models, phonographs, and other instruments of instruction are loaned by the plaintiff to the students. Some of the agents give personal assistance to students. This is not a part of the system, but is a voluntary service on their part, and is done for the purpose of advertising their work and of assisting them in getting students. On the 23d of June, 1905, at the solicitation of one Bousfield, a subagent of the plaintiff at Oshkosh, Wisconsin, the defendant *James McKone,* then seventeen years of age, signed the contract upon which suit is brought, and at the same time made a payment of $10 thereon. Attached to the contract was a guaranty which was signed by the father of the defendant *James McKone,* after *James* had executed the contract, and was as follows: "I hereby guarantee the payment of the price of the scholarship taken. Signature of the guarantor, *T. McKone.*" The contract was thereafter forwarded to the plaintiff, and in July, 1905, an instalment of books for use in the proposed course of instruction was received by the defendant *James McKone.* A short time thereafter he notified the subagent of plaintiff that he would not pay anything further on the contract, and he offered to return the books and all the other matter he had received from the plaintiff. A few days thereafter the books were delivered by the mother of the defendant to a messenger of the subagent, Bousfield. This action was originally brought in the municipal court of the

city of Oshkosh and the county of Winnebago against the defendant *James McKone* and his father as guarantor. Appeal was taken from the judgment of the municipal court to the county court. A jury trial was waived and the court rendered judgment in favor of the defendants, dismissing the complaint and for costs, holding that the contract had been canceled by *James McKone,* that the property received by him under it had been returned to plaintiff, and that no liability existed against either of the defendants. This is an appeal from the judgment so rendered.

For the appellant there were briefs by *Mott & Mott,* attorneys, and *David C. Harrington,* of counsel, and oral argument by *Mr. Mayhew Mott* and *Mr. Harrington.* They contended, *inter alia,* that the contract on which the action was brought was one involving interstate commerce, hence that the provisions of sec. 1770*b,* Stats. (1898), prescribing certain conditions on which foreign corporations may do business in Wisconsin, and providing that all contracts made by or on behalf of a foreign corporation, affecting the personal liability thereof or relating to property within this state before such corporation shall have complied with the provisions of that section, shall be wholly void on its behalf but enforceable against it, had no application. *Ashland L. Co. v. Detroit S. Co.* 114 Wis. 66; *Crutcher v. Kentucky,* 141 U. S. 47; *Norfolk & W. R. Co. v. Pennsylvania,* 136 U. S. 114, 118; *Pickard v. Pullman S. C. Co.* 117 U. S. 34; *Robbins v. Shelby Co. Tax. Dist.* 120 U. S. 489; *Leloup v. Port of Mobile,* 127 U. S. 640; *Asher v. Texas,* 128 U. S. 129; *Stoutenburgh v. Hennick,* 129 U. S. 141; *McCall v. California,* 136 U. S. 104; *Lyng v. Michigan,* 135 U. S. 161, 166; *Belle City Mfg. Co. v. Frizzell,* 11 Idaho, 1, 81 Pac. 58. The transactions arising out of and connected with the contract in suit are commerce. *Catlin & P. Co. v. Schuppert,* 130 Wis. 642, 110 N. W. 818; *Ware C. Co. v. Anderson,* 107 Iowa, 231, 77 N. W. 1026; *Beard v. Union*

*& Am. P. Co.* 71 Ala. 60; *Charter Oak L. Ins. Co. v. Sawyer,* 44 Wis. 387; *Wyman v. Kimberly-Clark Co.* 93 Wis. 554; *Chicago T. & T. Co. v. Bashford,* 120 Wis. 281; *Sullivan v. Sullivan T. Co.* (Ala.) 15 South. 941; *Crook v. Girard I. & M. Co.* 87 Md. 138, 39 Atl. 94; *State v. Am. Book Co.* 69 Kan. 1, 76 Pac. 411; *Hart v. Livermore F. & M. Co.* 72 Miss. 809, 17 South. 769.

For the respondents there was a brief by *Williams & Williams,* and oral argument by *C. H. Williams.* They contended, *inter alia,* that plaintiff's contract was void under sec. 1770*b,* Stats. (1898), and that the contract did not come within the exceptions inasmuch as the transactions did not constitute commerce. If the transactions, when taking place wholly within a state, were not commerce, the same transactions did not become such merely because carried on between citizens of different states. *Ashland L. Co. v. Detroit S. Co.* 114 Wis. 66; *Paul v. Virginia,* 8 Wall. 168, 183; *Hooper v. California,* 155 U. S. 648, 655; *New York L. Ins. Co. v. Cravens,* 178 U. S. 389, 400; *Lottery Case,* 188 U. S. 321; *Hopkins v. U. S.* 171 U. S. 578; *Williams v. Fears,* 179 U. S. 270; *Nathan v. Louisiana,* 8 How. 73; *Smith v. Jackson,* 103 Tenn. 673; *Pennsylvania L. Mut. F. Ins. Co. v. Meyer,* 197 U. S. 407; *Chattanooga Nat. Bldg. & L. Asso. v. Denson,* 189 U. S. 408; *Conn. Mut. L. Ins. Co. v. Spratley,* 172 U. S. 602; *Stanhilber v. Mut. M. Ins. Co.* 76 Wis. 285; *Rose v. Kimberly & Clark Co.* 89 Wis. 545; *Iowa Falls Mfg. Co. v. Farrar,* 19 S. Dak. 632, 104 N. W. 449; *State ex rel. v. Am. B. Co.* 65 Kan. 847; *Catlin & P. Co. v. Schuppert,* 130 Wis. 642, 110 N. W. 818.

SIEBECKER, J. The controversies of this litigation are ruled by the principles of the decision of *Jones v. Valentines' School,* 122 Wis. 318, 99 N. W. 1043. This court there held that when an infant had contracted in writing for a course of instruction in a school, but had concluded not to

take the course and had offered to return what he had received under the contract and to terminate the agreement, no ground of liability existed against him. This conclusion went upon the well-recognized principle that an infant is not liable upon either an executory or an express contract even for necessaries. Whatever liability attaches therefor is one wholly created by law, and can only arise when necessaries have actually been furnished to him. The undisputed facts of this case show that *James McKone* has not received the instruction embraced in the contract, and that before substantially any instruction had been imparted to him he informed plaintiff that he did not desire to take the instruction and that he repudiated the agreement, and offered to return all the books, papers, and appliances he had received. It was also found by the court that this offer was thereafter carried out by turning over these articles to the representatives of the plaintiff from whom he had received them. Under these circumstances plaintiff can have no claim against *James McKone,* because nothing has been received by him upon which an implied liability could be based.

From this it would follow that the father also owed nothing, if he be regarded as having only guaranteed payment of whatever sums were to become due under the son's agreement. But we need not rest the question of the father's liability upon this ground, for the facts clearly indicate that the father's agreement was one whereby he undertook to answer for the debt or default of his son, and it is within the provision of the statute declaring such agreements void if they fail to express the consideration. This subject was recently considered in the case of *Comm. Nat. Bank v. Smith,* 107 Wis. 574, 83 N. W. 766, where the features distinguishing this from other classes of guaranty cases are pointed out, and it is shown that contracts like this are void because they fail to express the consideration.

We are of the opinion that the trial court's conclusions

upon the issues covering the rights of the parties are correct, and that it properly dismissed the complaint as to both defendants. Under the circumstances no necessity is presented for determining the question elaborated in the briefs of counsel as to plaintiff's right to enforce the contract, in view of the provisions of sec. 1770*b*, Stats. (1898), and we therefore refrain from a consideration of it.

*By the Court.*—Judgment affirmed.