## DROVERS' DEPOSIT NAT. BANK v. TICHENOR.

(District Court, E. D.' Wisconsin. November 19, 1912.)

1. FRAUDS, STATUTE OF (§ 108*)—DEBT OF ANOTHER—PROMISE TO PAY—
MEMORANDUM.

A corporation of which defendant was president having presented to plaintiff a note for discount, defendant signed and delivered to plaintiff a memorandum reciting that he, being interested in the success of the corporation and desiring to assist it in obtaining credit with and money from plaintiff, requested plaintiff to discount the note, and promised and agreed to pay the same at maturity according to the tenor thereof, waiving notice of the acceptance of the guaranty. *Held*, that such memorandum evidenced a promise to pay the debt of another, and was insufficient for want of consideration.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 214–221; Dec. Dig. § 108.*]

2. GUARANTY (§ 16*)—CONTRACT—CONSIDERATION.

Defendant, as president of a corporation, in order to induce plaintiff to discount certain notes belonging to the corporation, executed a separate agreement, reciting that by reason of his interest he requested plaintiff to discount the notes, promising to pay the same at maturity according to the tenor thereof, and waiving notice of the acceptance of the guaranty. *Held*, that defendant's interest as a stockholder and his office as president of the corporation was not pertinent to his liability on the guaranty, except to emphasize the absence of an original under- taking on a sufficient consideration, and that the guaranty as to him was unenforceable for want of a consideration.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. §§ 14–17; Dec. Dig. § 16.*]

3. FRAUDS, STATUTE OF (§ 148*)—DEBT OF ANOTHER—AGREEMENT TO PAY—
CONSIDERATION—PLEADING.

In an action to enforce an obligation to pay the debt of another, the complaint must plead a consideration to support the agreement, in order to take it out of the statute of frauds.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 353, 354; Dec. Dig. § 148.*]

At Law. Action by the Drovers' Deposit National Bank against M. H. Tichenor on a guaranty. On demurrer to complaint. Sustained.

The plaintiff, a national bank located at Chicago, sues to recover from the defendant $9,983.50, with interest from July 27, 1910, the equivalent of £2,050 sterling, alleged to be due on the following note:

"£2,050.                                    London, 29th July, 1908.

"On the twenty-seventh day of July, nineteen hundred and ten, I promise to pay to Tichenor-Grand Company, or order, at Parr's Bank, London, two thousand and fifty pounds sterling, for value received.

"Alfred J. Nicholson.

"Due July 29, 1910.
"21509."

The Tichenor-Grand Company, payee, was a corporation doing business in Illinois, and on September 30, 1909, the defendant, a stockholder therein and president thereof, entered into an agreement, signed by him and two others, as follows:

"Chicago, Illinois, September 30, 1909.

"To the Drovers' Deposit National Bank of Chicago, Illinois:

"The undersigned, being interested in the business and success of the Tichenor-Grand Company, a corporation, and desiring to assist it in obtain-

ing credit with you and money from you, hereby request you to discount for the said Tichenor-Grand Company five (5) promissory notes each made and executed by Alfred J. Nicholson. dated at London, July 27th, 1908, and payable July 27th, 1910, aggregating in all the sum of £10,256 sterling. We do hereby promise and agree to pay said notes at maturity according to the tenor thereof, and we do hereby waive notice of the acceptance of the guaranty.                                                   M. H. Tichenor,
                                         "W. D. Grand,
                                         "Louis M. Newgass."

It is alleged that the plaintiff, the five notes being endorsed and delivered to it, paid to said Tichenor-Grand Company $9,983.50 on each of said notes. all "in performance of said agreement and relying upon the same." The note in suit is one of the five, the other four having been paid. These facts appear from the complaint, to which defendant has demurred.

N. W. Evans, of Oconomowoc, Wis., for plaintiff.
O'Bryan & Marshall, of Chicago, Ill., and McGee & Jeger, of Milwaukee, Wis., for defendant.

GEIGER, District Judge (after stating the facts as above). [1] To sustain the demurrer, the defendant contends that the written undertaking signed by him—if upon it alone liability is predicated—neither expresses nor has the support of a consideration, and hence is avoided by the statute of frauds of Wisconsin and of Illinois; and that the complaint alleges no facts disclosing liability upon any transaction not within such statute.

Upon its face the agreement dated September 30, 1909, certainly purports to be a special collateral undertaking to pay at maturity the notes of A. J. Nicholson, dated and delivered July 27, 1908. Does it express any consideration? Aside from the formal "request" for discount and the "promise to pay," it contains the statement that the signers are "interested in the business and success of the Tichenor-Grand Company * * * and desire to assist it in obtaining credit with you and money from you (plaintiff)." This may suffice as a disclosure of reasons or motives which induced the signers to approach the plaintiff, but it is in no sense expressive of a consideration in a contract. And if, standing alone, it does not express a consideration, its combination with the formal statement of a "request" and "promise to pay," neither of which embodies an expression of consideration, cannot enlarge the whole to satisfy the statute.

The substance of the memorandum is that, if the plaintiff will discount the notes referred to, the defendant and his associates will pay them at maturity—analogous to cases without number where the undertaking, without expressing a consideration, purported to "guarantee" a specified principal agreement. Taylor v. Pratt, 3 Wis. 674; Parry v. Spikes, 49 Wis. 384, 5 N. W. 794, 35 Am. Rep. 782; Commercial National Bank v. Smith, 107 Wis. 574, 83 N. W. 766. It seems entirely clear that the agreement does not express a consideration.

[2] It remains to consider whether, in the light of its other allegations, the complaint discloses a new and independent undertaking, upon a sufficient consideration, not a promise to answer for the debt

of another. In McCord v. Edward Hines Lumber Co., 124 Wis. 509, 102 N. W. 334, the cases upon the general subject of avoiding the statute are thus tersely reviewed:

"This provision (Subdivision 2, § 2307, Stats. of Wis.) comes to us from the original statute of frauds, 29 Car. II, of which it has been said by an enthusiast that every line was worth a subsidy, and by a cynic that every line has cost a subsidy to interpret. The latter statement has been gaining force as the ingenuity of greed has through centuries, been strained to escape this apparently plain provision, until its application is now surrounded by such a cloud of decisions as to defy exhaustive examination. In them, as might be expected, will be found reasoning and dicta well calculated to confuse exact lines of demarcation. Nevertheless such lines can be traced with reasonable certainty and distinctness. The promise voided by the statute is one to *answer* for the debt or default of *another*. Hence the statute has no application unless there be a primary obligation of some one else, and the promise be to answer for that as such. In other words, the promise must be collateral to and dependent upon the breach of a recognized obligation primarily owed by another. If such it be, however, it is void unless in writing. There are many dicta and some decisions indicating that this result may be escaped if there is a new consideration for the guaranty, or if such consideration consist of benefit to the guarantor. The statute, however, recognizes no such exception. There must, on general principles, be new consideration for the promise of indemnity in any event to render it valid, written or unwritten; hence to say that the existence of such consideration alone takes the promise out of the statute is to deny the statute any force whatever. 1 Brandt, Suretyship (2d Ed.) § 60. Again, there are statements in the cases to support evasion of the statute if the leading object of the promisor is to benefit himself, or if the creditor principally relies on the guarantor. All such statements are misleading. None of such considerations will of themselves prevent the application of the statute if the promise is really to answer for the debt of another. Each of them may, however, serve as evidence in special cases to show that the promise is really to pay an original obligation of the promisor, to which the statute offers no obstacle, however much such obligation may coexist with or be measured by the debt of another. The existence of such original obligation will be found on careful analysis to be the true basis of most of the decisions where a new consideration has been given prominence."

In the same case it is also stated (124 Wis. 514, 102 N. W. 336):

"A further test, which is often applied, is whether the thing promised by the defendant is identical with the obligation owed by the third person. If not—if it be to do something different, though it may include some part or the whole of the latter's obligation—it will ordinarily be deemed, not a mere promise to answer for the debt of another, but an original undertaking not affected by the statute."

The complaint before us alleges no transaction other than that embodied in the agreement executed, nor further facts relative thereto, excepting that the defendant was president and a stockholder interested in the business and success of the corporation, and as such desired to assist it in obtaining credit with the plaintiff, and that the latter discounted the notes upon defendant's request and paid the money to the corporation named, in performance of and reliance upon the agreement. These facts fall far short of bringing the case within the recognized principles respecting new and independent agreements not within the statute. The defendant's interest as a stockholder was not subserved by the transaction in the sense that he derived any benefit. His incumbency of the office of president is not pertinent.

except that it may emphasize the absence of an original undertaking, upon a consideration, with him personally. His request that plaintiff discount the notes, likewise, his interest in the success of the corporation's business, both asserted in the agreement, were such as he not only could but was bound to make and to have in his representative capacity as president; and the plaintiff cannot, to escape the rigor of the statute, sustain the agreement as one arising out of a situation affecting the defendant personally, without showing clearly elements of an original obligation on his part "to do something different" than was required by the existing notes signed by Nicholson.

Has the defendant promised anything, except to answer for the debt or default of another? It is urged that he agreed to pay plaintiff a certain sum upon its advancing the money to the Tichenor-Grand Company, and, in lieu of writing out the conditions of the payment, agreed to pay according to the tenor of the notes in question; that suit is brought, not upon the notes, but upon the agreement. But the agreement is to *pay the notes;* and the defendant's failure to pay the note in question is the only breach upon which plaintiff's right of action is predicated. As stated in Bank v. Smith, supra, even though defendant's agreement "constituted the ground of credit," it was avoided by the statute. To concede, as is contended, that "defendant's *promise* was the consideration upon which the money was paid," frustrates the statute by introducing a self-contradiction, and thus make it in effect declare that an agreement to answer for the debt of another shall be void, if not in writing and expressing the consideration, unless, because of an *implied* consideration, it shall be deemed valid.

[3] Counsel for the plaintiff calls attention to the fact that defendant's agreement was executed and delivered in Illinois, where the statute of frauds provides that the consideration need not be expressed, but may be proved or disproved. That, in an action to enforce the obligation, the complaint must allege such consideration cannot be doubted. The complaint here discloses the entire transaction with the defendant, and, to the extent that a consideration is necessary to support an agreement within or without the statute of frauds, the adjudications in that state, as in Wisconsin, declare it insufficient. Taylor v. Pratt, supra; Parry v. Spikes, supra; McCord v. Edward Hines Lumber Co., supra; Clapp v. Webb, 52 Wis. 638, 9 N. W. 796; Weisel v. Spence, 59 Wis. 301, 18 N. W. 165; Ruehle v. Montelius, 149 Ill. App. 416; Chicago Heights Lumber Co. v. Miller, 219 Ill. 82, 76 N. E. 52, 109 Am. St. Rep. 314.

An order may be entered sustaining the demurrer.