THIENSVILLE CREAMERY COMPANY, Respondent, vs. HICK-
COX, imp., Appellant.

*April 26—May 15, 1917.*

*Guaranty: Construction: Acceptance: Notice: Mutual assent: Evi-
dence.*

1. A letter from defendant to plaintiff stating,. "I will guarantee
your account with T. up to $250. My understanding being that
settlements will be made on the first and fifteenth of each
month," is *held* to have been intended as a guaranty of pay-
ment of any unpaid part, up to $250, of T.'s account for goods
purchased from plaintiff; and when accepted by plaintiff was
operative until revoked.
2. A finding by the trial court to the effect that, although there was
no formal acceptance of such guaranty and notice thereof to
defendant, yet the parties dealt with each other as if formal no-
tice had been given, and that defendant had actual notice of
such acceptance, is *held* to be sustained by the evidence.
3. There being evidence tending to show that the amount due on T.'s
account on the 15th of one month was paid by a check signed by
defendant and delivered to plaintiff by T., defendant's denial
that he had signed and issued any such check was not conclu-
sive upon the court.

APPEAL from a judgment of the circuit court for Ozaukee
county: MARTIN L. LUECK, Circuit Judge. *Affirmed.* ·

This is an action by the plaintiff to recover from *J. Gil-
bert Hickcox* (hereinafter designated the defendant) $197
damages and $103.33 costs on an alleged contract of guaranty
whereby the latter is alleged to have guaranteed the plaintiff
against loss through the failure of Fred Turner to pay it for
butter sold to him. Fred Turner, not having been served,
makes no appearance in person or by attorney in the action.

Fred Turner did business under the name of the Farm
Products Company. He applied to the plaintiff, engaged in
the manufacture and sale of butter, to purchase butter from
it on credit. He was informed by its officers that he could
purchase butter from it on credit only if he brought a writ-
ten guaranty from a responsible guarantor.

On July 29, 1913, the defendant *Hickcox* gave to Turner the following letter, which Turner delivered to the plaintiff:

"*Thiensville Creamery,*
   "Thiensville, Wis.

"Gentlemen: I will guarantee your account with Fred Turner up to $250. My understanding being that settlements will be made on the first and fifteenth of each month.
       "Yours truly,     J. GILBERT HICKCOX."

The plaintiff made no formal reply of acceptance to this letter, but after inquiring as to *Hickcox's* financial condition shipped butter to Turner from July 30, 1913, to September 2, 1913.

On August 16, 1913, the account up to and including August 15, 1913, then amounting to the sum of $197, was paid by a check which had the name of *J. Gilbert Hickcox* as signer.

On September 2, 1913, *Hickcox* wrote to the plaintiff withdrawing the guaranty for the account of Fred Turner and no more shipments of butter to Turner were made by the plaintiff. The unpaid balance of the account for deliveries of butter to the last of August amounted to $197.24.

The defendant alleges that his letter of July 29, 1913, was merely an offer of guaranty, and that no acceptance of the proposal was ever made by the plaintiff and that he at no time considered himself bound by the offer.

A trial by jury was waived, and the court found that a valid contract of guaranty existed between the plaintiff and the defendant and that the defendant was indebted to the plaintiff for the balance of the Turner unpaid account, with interest. Judgment for recovery of this amount, with costs of action, was entered against the defendant *Hickcox*.

*Herbert R. Manger* of Milwaukee, for the appellant.

For the respondent there was a brief by *Wm. F. Schanen* and *Chas. J. Kunny* of Port Washington, and oral argument by *Mr. Schanen*.

SIEBECKER, J.   The defendant claims that the writing
in question is in its terms a guaranty of collection.   The
words, "I will guarantee your account with Fred Turner up
to $250," clearly indicate that the signer of the instrument
intended to make himself responsible for the obligations
Turner would incur in running an account for the purchase
of goods from the creamery, and the plaintiff so understood
it and extended credit to Turner accordingly.   *Hickcox's*
subsequent treatment of the writing accords with the idea
that it is a guaranty of payment.   The next clause of the
writing, to the effect that settlements of the account were to
be made "on the first and fifteenth of each month," shows that
the guaranty was to secure payment of any unpaid part of
the Turner account up to the amount of $250, regardless of
previous semi-monthly payments during the time credit was
extended.   The phraseology imports an undertaking by the
defendant to pay Turner's continuing liability under suc-
cessive transactions on account, and is not limited as to time
or to any specific account, and when accepted is operative
until revoked.

It is earnestly contended that the court erred in holding
that the guaranty became obligatory on the defendant.   The
court declared that, "although there was no formal accept-
ance and notice thereof given to *Hickcox,* it is apparent that
the parties dealt with each other as if formal notice had been
given."   This finding, if supported in the evidence, is in ef-
fect one that there was a mutual assent of the plaintiff and
defendant to this contract and that the credit in question was
extended to Turner in reliance thereon.   Can it be said that
the defendant had actual notice of the plaintiff's acceptance
of the guaranty within a reasonable time after the plaintiff's
acceptance thereof?   The evidence shows that the plaintiff
insisted on a settlement of Turner's account in accordance
with the terms of the guaranty on the 15th of August and

that it received payment of the amount then due on account in the form of a check payable to the plaintiff and having the defendant's name as signer. The plaintiff's officers and agents testify to having received payment of this check. It also appears that Turner brought this check and delivered it to the plaintiff. These facts appear by evidence other than the entries in the exchange register of the Thiensville bank, in which were listed out-of-town checks, which was improperly received as evidence and cannot be considered in the case. It also appears that when the second payment on the account became due on the last day of August and Turner failed to pay it the defendant immediately notified the plaintiff, "I hereby beg to withdraw the guaranty I made for the account of the Farm Products Company or Fred Turner," which, as the trial court considered, tends to show that the defendant understood that the plaintiff had accepted the guaranty. This is also corroborated by the defendant's conduct when the plaintiff's agents finally demanded settlement of the balance due them on Turner's account and by the other facts and circumstances of the transactions of the parties disclosed by the evidence. In the light of this state of the evidence, the defendant's claim that his denial of having signed and issued any check such as the plaintiff asserts was delivered to it by Turner must be accepted as conclusive that he issued no such check, cannot be acceded to. We think that the trial court was not bound by such denial in the light of the evidence tending to show that the sum of $197 was paid to the plaintiff on the defendant's check. It is considered that the trial court's finding of fact that the defendant had notice of acceptance of guaranty by the plaintiff is sustained by the evidence. There is no reversible error in the record.

*By the Court.*—The judgment is affirmed.