Alltone Co. v. Cebell, 194 Wis. 591.

ALLTONE COMPANY, Respondent, vs. CEBELL, imp., Appellant.

*December 8, 1927—January 10, 1928.*

*Frauds, statute of: Guaranty: Expression of consideration: Sufficiency.*

1. The act of a guarantor, before the delivery of an order for goods, in signing his name at the foot of the order, guaranteeing the payment therefor, is a sufficient memorandum expressing the consideration to comply with the statute of frauds. p. 594.

2. Where a question arises whether a memorandum expresses the consideration so as to satisfy the statute of frauds, the entire instrument should be considered; and oral evidence may be received as an aid in the interpretation of the writing, but may not be received to contradict it. p. 594.

APPEAL from a judgment of the circuit court for Milwaukee county: OTTO H. BREIDENBACH, Circuit Judge. *Affirmed.*

Action upon guaranty. On February 25, 1925, the defendant *Cebell* was treasurer, director, and a stockholder of the defendant The Bonded Aleather Shoe Company, hereinafter called the shoe company. The shoe company wished to purchase certain goods from the plaintiff, its credit was unsatisfactory and plaintiff required a guaranty. The transaction took the form of an order addressed to the plaintiff and signed by the shoe company as follows:

"We acknowledge receipt of your quotation of February 25th and this will be your order to proceed with the work as outlined, at the following prices:

"Photographs, Art Work and Engraving, approximately ...................................$500 00
"Printing 10,000 Broadsides in 3 colors, on 100-lb. enameled stock (folded three times)........... 578 00
"Printing 10,000 sets, Post Cards, 'five on' Government manilla ............................. 82 50
"Each additional 10,000 broadsides............. 445 00
"     "          10,000 sets Manilla Cards...... 65 00

"It is understood that provided only six photos are used in place of ten, as quoted on, we are to receive a proportioned allowance.

"Terms: 2 % ten days—thirty days net.
                    "Very truly yours;
               "THE BONDED ALEATHER SHOE COMPANY,
CHA:B              "By C. H. Arnesen, President.
"Payment of above account guaranteed by *Roy Cebell.*"

Before the delivery of the goods the defendant *Cebell* signed the guaranty at the foot of the order. It is contended that this was not a sufficient compliance with the statute of frauds because it failed to express the consideration. The defendant *Cebell's* contention was overruled, and judgment went for the plaintiff, from which the defendant *Cebell* appeals.

For the appellant there was a brief by *Carroll & Thekan* of Milwaukee, and oral argument by *George J. Carroll.*

For the respondent there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Kenneth P. Grubb,* of counsel, all of Milwaukee, and oral argument by *Mr. Grubb.*

ROSENBERRY, J.   The Wisconsin statute of frauds applicable is as follows:

"Section 241.02   In the following case every agreement shall be void unless such agreement or some note or memorandum thereof, expressing the consideration, be in writing and subscribed by the party charged therewith: . . .

"(2) Every special promise to answer for the debt . . . of another person."

Upon the question of what amounts to an expression of the consideration under this statute there is some confusion in this state. *International Textbook Co. v. McKone,* 133 Wis. 200, 113 N. W. 438. The guaranty attached to the contract there read: "I hereby guarantee the payment of the price of the scholarship taken." The guaranty was signed after the contract had been executed by the principal and then forwarded to the office of the plaintiff in a different

state. Upon the authority of *Commercial Nat. Bank v. Smith,* 107 Wis. 574, 83 N. W. 766, the promise was held void. Commencing with *Eastman v. Bennett,* 6 Wis. 232, and ending with *Thiensville C. Co. v. Hickcox,* 165 Wis. 537, 162 N. W. 660, there is a line of cases holding that where the consideration for an agreement relating to future sales may be gathered from the whole instrument, it is a sufficient expression of the consideration to comply with the requirements of the statute.

It is considered that the decision in *International Textbook Co. v. McKone, supra,* is not in accord with prior and subsequent decisions upon this question. In that case the decision, as already stated, rested upon *Commercial Nat. Bank v. Smith, supra,* without noting a vital distinction in the facts of the two cases. Commencing with *Taylor v. Pratt,* 3 Wis. 674, including *Parry v. Spikes,* 49 Wis. 384, 5 N. W. 794, and ending with *Commercial Nat. Bank v. Smith,* it has been held that, as applied to promissory notes, language such as was used in this case is not a sufficient expression of consideration, and it was upon that line of cases that *International Textbook Co. v. McKone* was rested, although in that case the guaranty related not to a note but to an ordinary contract. Whether the distinction drawn in the decisions of this state between the guaranty of a note and of a contract is a valid one we need not now stop to inquire, as the question is not before us. *Klee v. Stephenson,* 130 Wis. 505, 110 N. W. 479, is also cited in support of defendant *Cebell's* contention and the cases relating to promissory notes are cited, but *Klee v. Stephenson* is clearly distinguishable from *Waldheim v. Miller,* 97 Wis. 300, 72 N. W. 869; *Coxe Bros. & Co. v. Milbrath,* 110 Wis. 499, 86 N. W. 174, and other like cases. In *Klee v. Stephenson, supra,* there was a guaranty upon a separate piece of paper, and at the foot of this guaranty the defendant signed the following memorandum:

"Rufus Stephenson agrees to assume one half of Wm.

Alltone Co. v. Cebell, 194 Wis. 591.

Sims' liability under the above guaranty. This is to be in force for one year only from above date, July 17th, 1902."

The guaranty was not upon the order for the goods, and it was held that it failed to comply with the requirements of the statute that the consideration should be expressed, citing the note cases.

It is now considered that where as in this case a person signs at the foot of an order for goods thereafter to be delivered, an agreement that he will guarantee the payment, and the goods are delivered in reliance upon it, there is a sufficient compliance with the statute for the reasons stated in *Young v. Brown,* 53 Wis. 333, 10 N. W. 394. All that the statute requires is that the consideration shall appear by necessary implication from the terms of the written instrument, and to determine whether or not the consideration does appear the entire instrument may and should be considered. So considered, the instrument in suit is clearly to the effect that if the seller will deliver goods to the buyer as specified in the order, the guarantor will be answerable therefor. Had the writing been in that form there could be no question but that the consideration was sufficiently expressed, and in this, as in the construction of other documents, oral evidence may be received of surrounding circumstances as an aid to the interpretation of the writing, not of course to contradict it. 1 Williston, Contracts, p. 1095, and cases cited.

There is a clear distinction between cases where goods are thereafter to be delivered upon the strength of the guaranty and cases where no goods are subsequently to be delivered. In this case the trial court correctly held that the consideration was sufficiently expressed to comply with the statute.

*By the Court.*—Judgment affirmed.