BRADLEY BANK, Respondent, vs. PRIDE, imp., Appellant.

*April 4—May 10, 1932.*

136

*E. C. Smith* of Tomahawk, for the appellant.

For the respondent there was a brief by *Fisher, Cashin & Reinholdt* of Stevens Point, and oral argument by *R. T. Reinholdt*.

ROSENBERRY, C. J. The defendant Pride makes three principal contentions: (1st) That as to the debts existing at the time of the execution and delivery of the guaranty, the guaranty was void because it did not express consideration; (2d) that in order to be valid as a security for subsequent obligations the party relying thereon was required to show a new consideration; (3d) that the evidence does not sustain the finding that credit was extended in reliance upon the bond or guaranty in question.

We do not find it necessary to consider whether or not the guaranty was valid as to obligations existing at the time of its execution and delivery. All such obligations have long since been paid and discharged and are in no way drawn in question in this action.

Under the evidence it can scarcely be contended seriously that as to future credits the consideration is not expressed within the requirements of the statute of frauds. The contract is under seal and imports a consideration (secs. 235.17, 328.27, Stats.). Under such circumstances the guaranty is good even though no consideration be stated. Where the contract is under seal the true consideration may be shown, but not for the purpose of defeating the contract. *Kuener v. Smith*, 108 Wis. 549, 84 N. W. 850; *Bibelhausen v. Bibelhausen*, 159 Wis. 365, 150 N. W. 516. It contemplated that future credits were to be extended to the defendant company and in consideration thereof the obligor binds himself to pay and discharge the same. Upon the trial it was shown that the notes sued upon were delivered long subsequent to the delivery of the guaranty and in reliance upon it. The consideration as to future credits was sufficiently stated. *Miami County Nat. Bank v. Goldberg*, 133 Wis. 175, 113 N. W. 391.

The question most seriously argued in the case is that the evidence does not sustain the finding that the notes sued upon were accepted by the plaintiff in reliance upon the

guaranty. The defendant Pride claims that after the indebtedness which existed at the time of the execution and delivery of the guaranty had been paid, he had a conversation with Mr. Werner, then vice-president and manager of the plaintiff bank, and Mr. Extrom, cashier of the bank, which took place in front of the bank building. He testified:

"I came up there and met them and asked them if the bond had served its purpose and if everything was satisfactory, if that was the end of it, and Mr. Werner said it had been attended to and the examiners were well pleased and it was all finished."

The defendant Pride's son, who was present, testified:

"All I heard was he (C. B. Pride) asked Mr. Werner about this loan and he said the loan was paid up and the bond had practically served its purpose."

Mr. Werner testified that he did not recall or remember any such conversation as that testified to by the Prides. Mr. Extrom, the cashier of the bank, testified positively that no such conversation ever took place. Mr. Werner also testified that the defendant Pride never asked for the return of the bond. It further appears from the testimony that the guaranty was frequently referred to, loans were made upon the strength of it, it was submitted to the bank examiners, and by a resolution adopted by the board of directors August 30, 1931, the guaranty was accepted as authorizing a line of credit, and that what the officers of the bank thereafter did in extending credit to the defendant company was done at all times in reliance upon the guaranty, which remained in the possession of the bank. It is considered that there is ample testimony to support the findings of the trial court.

It is further claimed on behalf of the defendant Pride that the failure of the plaintiff to comply with sec. 266.10, Stats., requiring the service of a writ of attachment issued,

was fatal to the attachment, need not be determined for the reason that, the judgment being now affirmed, the question as to the validity of the attachment has become moot. The judgment in the action is now as effective as a lien upon the real estate in question as would have been the lien of the attachment if preserved.

*By the Court.*—Judgment affirmed.