## CHRYSLER CORPORATION v. CLARK CLIMATE CONTROL CO. et al.
### Civ. A. No. 4379.

District Court, E. D. Wisconsin.

Sept. 5, 1947.

Judgment Affirmed June 10, 1948.

740

Quarles, Spence & Quarles and Norman C. Skogstad, all of Milwaukee, Wis., for plaintiff.

A. L. Skolnik, of Milwaukee, Wis., for defendant.

DUFFY, District Judge.

The plaintiff in this action sues the defendants to recover $31,077.51, plus interest, for goods and material sold and delivered to the defendant corporation in reliance upon a written guaranty of the individual defendants. The corporate defendant being in default in appearance and pleading, judgment for the amount claimed has been ordered to be entered against it. The individual defendants by joint answer deny liability under their guaranty claiming that it is void for failure to express consideration as required by Sec. 241.02, Wis.Stats.

The matter before the court is the plaintiff's motion for summary judgment against the individual defendants under Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

There is no issue of fact. It appears that the defendant corporation wished to purchase goods and material from the plaintiff. The plaintiff, however, was not satisfied with its credit. The individual defendants thereupon, in order to induce the plaintiff to sell to the corporate defendant, offered to guarantee its purchases from the plaintiff. As this was satisfactory to the plaintiff, the individual defendants executed and delivered guaranty dated March 25, 1946, as the result of which and in reliance thereon, the plaintiff thereafter sold and delivered goods and material to the defendant corporation to the amount claimed. Payment of this amount, although demanded, has not been made.

The guaranty of the individual defendants in pertinent part provides: "The undersigned, Elsworth H. Clark and Burton E. Clark, individuals of Milwaukee, Wisconsin, hereby state that they as stockholders and officers of Clark Climate Control Company, a Wisconsin corporation, wish to induce Chrysler Corporation, Airtemp Division, Dayton, Ohio, or elsewhere to sell to Clark Climate Control Company on credit, we, our successors and/or our assigns, hereby guarantee both, jointly and severally, prompt payment when due of any and all sums of money that may from time to time become due and owing to the Chrysler Corporation, Airtemp Division, Dayton, Ohio, by the Clark Climate Control Company, Milwaukee, Wisconsin, or elsewhere as aforesaid."

Consistently with their answer, the individual defendants oppose the plaintiff's motion contending that as a matter of law the guaranty is void for failure to express consideration.

Sec. 241.02, Wis.Stats., provides:

"In the following case every agreement shall be void unless such agreement or some note or memorandum thereof, expressing the consideration, be in writing and subscribed by the party to be charged therewith:

\* \* \* \* \* \*

"(2) Every special promise to answer for the debt, default or miscarriage of another person."

This statute as construed by Wisconsin's Supreme Court is, of course, applicable and controlling herein, since the action involves State-created rights and the jurisdiction of this court obtains by reason of the diversity of citizenship of the parties. Guaranty Trust Co. of New York v. York,

326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079, 160 A.L.R. 1231.

The latest applicable decision of the Wisconsin Supreme Court is Alltone Co. v. Cebell, 194 Wis. 591, 217 N.W. 302, decided in 1928. There the court held that the act of a guarantor, before delivery of goods, in executing guaranty for payment therefor, is a sufficient memorandum expressing the consideration to comply with Sec. 241.02, Wis.Stats. In that case the court took occasion to review all of its previous decisions touching the point in question. In doing so it expressly overruled International Textbook Co. v. McKone, 133 Wis. 200, 113 N.W. 438, and also held its decisions relating to note-guaranties inapplicable to guaranties of contracts. In so ruling the court considered and held inapplicable all of the Wisconsin cases cited by counsel for the individual defendants on the motion now before this court. This court is bound to follow such ruling. The Wisconsin Supreme Court said (194 Wis. 593, 217 N.W. 303): " * * * Whether the distinction drawn in the decisions in this state between the guaranty of a note and of a contract is a valid one we need not now stop to inquire, as the question is not before us. * * *"

In the Alltone case, supra (the facts of which are strikingly similar to those presented in the case at bar), the defendant Cebell, who was treasurer, director and stockholder of the defendant shoe company, signed a guaranty before delivery of goods by plaintiff to the shoe company, reading, "Payment of above account guaranteed by Roy Cebell."

The court held the guaranty in the Alltone case valid as sufficiently expressing consideration under Sec. 241.02, Wis.Stats., saying (194 Wis. page 594, 217 N.W. page 303): "It is now considered that, where as in this case a person signs, at the foot of an order for goods thereafter to be delivered, an agreement that he will guarantee the payment and the goods are delivered in reliance upon it, there is a sufficient compliance with the statute for the reasons stated in Young v. Brown, 53 Wis. 333, 10 N.W. 394. All that the statute requires is that the consideration shall appear by necessary implication from the terms of the written instrument, and to determine whether or not the consideration does appear, the entire instrument may and should be considered. So considered the instrument in suit is clearly to the effect that, if the seller will deliver the goods to the buyer as specified in the order, the guarantor will be answerable therefor. * * * There is a *clear distinction* between cases where goods are thereafter to be delivered upon the strength of the guaranty and cases where no goods are subsequently to be delivered. In this case the trial court correctly held that the consideration was sufficiently expressed to comply with the statute." (Italics supplied.)

In Young v. Brown, 1881, 53 Wis. 333, 10 N.W. 394, which the court cited and followed in the Alltone case, it was said: "The letter of credit upon which the action is founded is a special promise to answer for the debt of another, and, unless it expresses the consideration therefor, is void. R.S. 654, §. 2307. It is not necessary that the consideration be precisely and formally expressed. In Day v. Elmore, 4 Wis. 190, the use of the very indefinite formula, 'for value received,' was held sufficient. All that the statute requires is that the consideration shall appear by necessary implication from the terms of the written instrument. See Brandt on Suretyship, 93, and cases cited in note 1 to section 70. *It seems to us to be too clear for argument or controversy, that the consideration for the guaranty in suit appears in the instrument by necessary and inevitable implication from its terms.* It is that if the plaintiffs will sell and deliver goods to Faas & Faas upon credit the defendant will guaranty payment of the price. Had the instrument been drawn in that form there could be no doubt of the defendant's liability upon it. Such being its substance and legal effect he is *equally liable* upon it in its present form." (Italics supplied.)

For the reasons stated in the Alltone case, the cases which the individual defendants cite involving note-guaranties, including Drovers' Deposit Nat. Bank v. Tichenor, D.C.1912, 200 F. 318, have no application to a guaranty such as the one in question in this case.

The subsequent history of the Drovers' Nat. Bank case is of interest. It was again before this court on motion to remand under an amended complaint, which was granted. 202 F. 1013. This court's earlier opinion (200 F. 318) appears, therefore, to have been rendered in the absence of jurisdiction. In any event, the case was afterwards heard in the State court and was appealed to the Wisconsin Supreme Court. See 156 Wis. 251, 145 N.W. 777. It is significant that that court ruled the instrument declared on was not a guaranty, but an original promise.

I conclude that the guaranty executed by the individual defendants sufficiently expresses the consideration to comply with and is valid under Sec. 241.02, Wis. Stats., and that they are liable to the plaintiffs as claimed.

An order granting plaintiff's motion for summary judgment will be entered. Plaintiff's counsel will draft and present form thereof.