JACOBI, Respondent, vs. CIELINSKI, Defendant: KOLTERMAN and wife, Appellants.

*May 8—June 3, 1952.*

For the appellants there was a brief by *Robert F. Buech*, attorney, and *Samuel Goldenberg* of counsel, both of Milwaukee, and oral argument by *Mr. Goldenberg*.

*Joseph A. Barly* of Milwaukee, for the respondent.

MARTIN, J. The complaint states that on June 6, 1951, William Cielinski executed his promissory note for $9,120 to the plaintiff, for the purchase of certain musical devices; he also executed a chattel mortgage on said devices to secure the payment of the note. Alwin W. Kolterman and Frances Kolterman, "for a valuable consideration," guaranteed the payment of said note "and delivered the same so guaranteed to the plaintiff." A copy of the note and guaranty, attached to the complaint, reads as follows:

"9,120                                        June 6, 1951

"For value received, after date I promise to pay Helen Jacobi or order, at Milwaukee, Wisconsin, nine thousand one hundred twenty ($9,120) dollars with interest thereon from

date until paid at the rate of six per cent per annum; interest payable annually as of the balance due June 30th of each year. Payments of four hundred ($400) dollars per month or more shall be made commencing July 5, 1951, and on the first day of each and every month thereafter.

"William Cielinski    (Seal)

"The undersigned hereby guarantee the payment of this note and waive any demand, presentment for payment, protest, notice of nonpayment, or protest.

"Frances Kolterman    (Seal)
"Alwin W. Kolterman (Seal)"

Appellants argue that although the complaint alleges that "for a valuable consideration" they guaranteed the payment of the note, the instrument itself is barren of any such recitation of consideration, and that their guaranty is void under the statute of frauds because it fails to express the consideration.

Sec. 241.02, Stats., provides, in part:

"In the following case, every agreement shall be void unless such agreement or some note or memorandum thereof, expressing the consideration, be in writing and subscribed by the party charged therewith: . . .

"(2) Every special promise to answer for the debt, default, or miscarriage of another person."

It appears from the complaint that the note and guaranty were executed on the same day and delivered to the plaintiff. Delivery of the musical devices was made in reliance upon the guaranty, and in our opinion the case falls within the rule expressed in *Alltone Co. v. Cebell* (1928), 194 Wis. 591, 594, 217 N. W. 302, where the court said:

"It is now considered that where as in this case a person signs at the foot of an order for goods thereafter to be delivered, an agreement that he will guarantee the payment, and the goods are delivered in reliance upon it, there is a sufficient compliance with the statute for the reasons stated in *Young v. Brown*, 53 Wis. 333, 10 N. W. 394. All that the statute requires is that the consideration shall appear by

necessary implication from the terms of the written instrument, and to determine whether or not the consideration does appear the entire instrument may and should be considered. So considered, the instrument in suit is clearly to the effect that if the seller will deliver goods to the buyer as specified in the order, the guarantor will be answerable therefor."

While we have found no case which distinctly states that *Taylor v. Pratt* (1854), 3 Wis. *674, upon which appellants rely, has been overruled, it has not been followed in the great majority of cases. In *Houghton v. Ely* (1870), 26 Wis. 181, 189, the court criticizes the decision in *Taylor v. Pratt*. Mr. Chief Justice DIXON, speaking for the court, observes that many cases hold that "any expression of consideration in the note or memorandum, however vague or indefinite, as for example, the words *for value received,* is sufficient to answer the requirement of the statute" although "the statute in terms requires the writing to express not *a* consideration but *the* consideration," and goes on to say:

"The guarantor most frequently receives nothing of value, the true consideration being the credit obtained on the faith of such guaranty by the principal debtor. To uphold a guaranty upon a consideration which is false, one which appears so on the face of the writing, or is shown to be so by proof of the facts and circumstances under which it was executed, seems more clearly to violate the letter of the statute than to uphold it upon the true consideration, which, though not expressed in the guaranty itself when considered as a separate instrument, fully appears when the guaranty is read in connection with the principal contract, of which it in fact, as well as law, constitutes an original and most essential part."

The note and guaranty in this case were signed under seal, which imports a consideration.

"Under the evidence it can scarcely be contended seriously that as to future credits the consideration is not expressed within the requirements of the statute of frauds. The contract is under seal and imports a consideration (secs. 235.17, 328.27, Stats.). Under such circumstances the guaranty is good even though no consideration be stated. Where the

contract is under seal the true consideration may be shown, but not for the purpose of defeating the contract." *Bradley Bank v. Pride* (1932), 208 Wis. 134, 137, 242 N. W. 505.

The order overruling the demurrer is affirmed.

*By the Court.*—Order affirmed.